JOHN ROBINSON, as Administrator, etc., Appellant, *v.* OCEANIC STEAM NAVIGATION COMPANY (Limited), Respondent.

Although a non-resident may be appointed an administrator in this state, he does not, by the appointment, become in any sense a resident.

Such an administrator, therefore, cannot maintain an action under the Code of Civil Procedure (§ 1780), against a foreign corporation upon a cause of action for a tort which did not arise within this state.

In an action to recover damages for a death caused by defendant's negligence the cause of action is for a tort.

As the question of jurisdiction in such an action relates to the subject-matter of the action, jurisdiction cannot be conferred upon the court by any

consent or stipulation of the parties, and the objection may be taken at any stage of the action, and *it seems* the court may *ex mero motu*, when attention is called to the facts, refuse to proceed further and dismiss the action.

The distinction made between residents and non-residents by said provision of the Code is not repugnant to the provision of the Federal Constitution (§ 2, art. 4), declaring that "the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states "

(Argued January 15, 1889; decided January 29, 1889.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made June 20, 1888, which reversed an order of Special Term denying a motion, on the part of defendant, to vacate the summons and dismiss the complaint herein for want of jurisdiction and which granted the motion.

The nature of the action is stated in the opinion.

*Thomas P. Wickes* for appellant. The administrator, plaintiff, by reason of his having duly received from the surrogate of the county of New York letters of administration, which are still in force, is in contemplation of law a resident therein. (*Parsons* v. *Lyman*, 20 N. Y. 103, 112; *Morrell* v. *Dickey*, 1 Johns. Ch. 153: *Doolittle* v. *Lewis*, 7 id. 45; *Vroom* v. *Van Horn*, 10 Paige, 459; *Leonard* v. *C. S. N. Co.*, 84 N. Y. 48, 55; *Dart* v. *Farmers' Bk.*, 27 Barb. 337, 343; Code of Civ. Pro. § 263, subd. 7, § 1780.) Jurisdiction of the person of the defendant was duly acquired. (Code of Civ. Pro. §§ 266, 424, 432.) A cause of action for wrongfully causing the death of a person, accruing in and given by the statute of one state or country, may be enforced in any other state or country where jurisdiction of the parties can be obtained, provided that the laws of both states or countries substantially concur in giving a right of action for the injury complained of. (*Leonard* v. *C. S. N. Co.*, 84 N. Y. 48, 52; *Dennich* v. *N. J. C. R. R. Co.*, 103 U. S. 11; *Stallknecht* v. *P. R. R. Co.*, 13 Hun, 451; *Burns* v. *G. R. & I. R. R. Co.*, 37 Alb. Law Jour. 228; *McDonald* v. *Mallory*, 77 N. Y. 546; 7 Abb. N. C. 88; *Mahler* v. *N. &*

*N. Y. T. Co.*, 35 id. 352; *Debevoise* v. *N. Y., L. E., etc., R. R. Co.*, 98 id. 377; *Herrick* v. *M., etc., R. Co.*, 31 Minn. 11; *G. W. R. Co.* v. *Miller*, 19 Mich. 305; *Knight* v. *W. J. R. R. Co.*, 108 Penn. 250; *Hyde* v. *W. S. L. & P. R. Co.*, 61 Iowa, 441; *C. R. R. Co.* v. *Swint*, 73 Ga. 651; *S. C. B. R. Co.* v. *Nix*, 68 id. 572; *McLeod* v. *C. & P. R. R. Co.*, 58 Vt. 727; *The Benina*, 56 L. T. R. 258; *The Gulfaxe*, 2 Eng. L. R. [Ecc. & Ad.] 325; *The Explorer*, 3 id. 289.)   Section 1780 of the Code of Civil Procedure is repugnant to that clause of the Constitution of the United States (Art. 4, § 2) which declares that " the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states," because it refuses to non-residents, citizens of a sister state, a right to bring actions of a certain kind which is accorded to residents. (*Roderigas* v. *E. R. S. Inst.*, 63 N. Y. 460; *In re Page*, 107 id. 266, 270; *Slaughter House Cases*, 16 Wall. 74; *Corfield* v. *Coryell*, 4 Wash. C. Ct. 371; *Ward* v. *Maryland*, 12 Wall. 418; *McFarland* v. *Butler*, 8 Minn. 116; *Jackson* v. *Butler*, Id. 117; *Morgan* v. *Neville*, 74 Penn. St. 52; Cooley on Const. Lim. [5th ed.] 15; Cooley's Prin. Const. Law, 187; 2 Story on Const. [4th ed.] § 1806, note 4; Pomeroy's Const. Law [Bennett's ed.] § 256 c; *Paul* v. *Virginia*, 8 Wall. 168.) If, however, it shall be considered that the cause of action may not be treated as having arisen within the city of New York, still the court has jurisdiction, because the case can be properly regarded as in the nature of an action upon a contract, made in the city of New York, or if not made, undoubtedly performed in said city.   (*Stewart* v. *B. & C. R. R. Co.*, 90 N. Y. 588, 594; *Fisher* v. *C. O. L. Ins. Co.*, 14 Abb. N. C. 32; *Bk. of Commerce* v. *R. W. R. R. Co.*, 10 How. 1, 8; *Doedt* v. *Wiswall*, 15 id. 128; *Campbell* v. *C. & S. L. R. R. Co.*, 18 id. 412; *C. C. & I. Co.* v. *H. S. C. Co.*, 30 Barb. 159; *Whitehead* v. *B., etc., R. R. Co.*, 18 How. 218, 232; *Bates* v. *Reynolds*, 7 Bosw. 685, 689; *Jones* v. *N. & N. Y. T. Co.*, 50 Barb. 193; *Hiller* v. *B. & M. R. R. R. Co.*, 70 N. Y. 223; *Johnson* v. *A. T. Co.*, 14 Hun, 89; *T, etc., T. Co.,* v. *C. B. & Q. R. R. Co.*,

32 id. 190; *Hann* v. *Barnegat Co.*, 7 Civ. Pro. R. 222.)
The motion is improper because a decision can only properly
proceed upon the facts of the case, the jurisdictional facts as
well as the other facts, and the facts are to be developed at the
trial, not to be gathered from *ex parte* affidavits. (*Bank of
Commerce* v. *R. & W. R. R. Co.*, 10 How. Pr. 1; *McMahon*
v. *M. B. L. Ins. Co.*, 8 Abb. 297; *Johnson* v. *A. T. Co.*, 14
Hun, 89; *A. & P. T. Co.* v. *B. & O. R. R. Co.*, 87 N. Y.
355.) Actions to recover damages for personal injuries, etc.,
can properly be maintained in all the courts of this state,
notwithstanding the fact that all the parties were aliens or
non-residents and that the cause of action arose abroad.
(*Smith* v. *Spinola*, 2 Johns. 198; *Gardner* v. *Thomas*, 14 id.
134; *Johnson* v. *Dalton*, 1 Cow. 543; *Dart* v. *Farmers' Bk.*,
27 Barb. 337; *Ruse* v. *M. B. L. Ins. Co.*, 23 N. Y. 516;
*McIvor* v. *McCabe*, 26 How. 257; *Smith* v. *Butler*, 1 Daly,
508; *Latourette* v. *Clarke*, 45 Barb. 327; *De Witt* v.
*Buchanan*, 54 id. 31; *McCormick* v. *P. R. R. Co.*, 49 N. Y.
303, 308; *Newman* v. *Goddard*, 3 Hun, 70.) Citizenship of
a state imports residence therein. (*Gassie* v. *Ballou*, 6 Peters,
U. S. S. C. R. 761; Story's Com. on U. S. Const., § 4693
[4th ed.]; [1st ed.] § 1687; *Prentiss* v. *Barton*, 1 Brock. 389;
*Cooper* v. *Galbraith*, 3 Wash. C. C. 246, 554; *Butler* v.
*Farnsworth*, 4 id. 101, 103; *Doyle* v. *Clark*, 1 Flip. 536;
*Doe ex dem. Gardner* v. *Sharp*, 4 Wash. 609, 614; Spears on
Law of the Federal Judiciary, 144; *Winn* v. *Gilmer*, 27
Fed. Rep. 817; *Burnham* v. *Range'ay*, 1 W. & M. 7, 12;
Curtis on Jurisdiction of the United States Courts, 118; Jacobs
on Domicile, § 48, note 3; *Adams* v. *Penn. Bk.*, 35 Hun, 394.)
The courts of this state will entertain jurisdiction of actions
for personal injuries committed abroad when both or either
of the parties are non-residents. (*De Witt* v. *Buchanan*, 54
Barb. 31, 32; *Molony* v. *Dows*, 8 Abb. 316; *McIvor* v.
*McCabe*, 26 How. 257, 262, 263; *Smith* v. *Butler*, 1 Daly,
508; *Latourette* v. *Clarke*, 45 Barb. 327, 330; *Gardner* v.
*Thomas*, 14 Johns, 134; *Johnson* v. *Dalton*, 1 Cow. 543;
*Barrell* v. *Benjamin*, 15 Mass. 354.)

*Lawrence Godkin* for respondent. The court had no jurisdiction of the subject of the action. (Code Civil Pro. § 1780; *Brooks* v. *M. N. C. Co.*, 49 Super. Ct. 234; 50 id. 281; *Adams* v. *Penn. Bk.*, 35 Hun, 394; *Ervin* v. *O., etc., R. Co.*, 28 id. 269.) A party cannot waive a right of the existence of which he is ignorant. (*Newbery* v. *Furnival*, 56 N. Y. 638; 50 Super. Ct. 281; *McCormick* v. *P. R. R. Co.*, 49 N. Y. 303, 309.) The court could not acquire jurisdiction by consent, and might, whenever its attention was called to the defect in the proceedings, refuse to exceed the powers conferred by the law of its creation. (*Davidsburgh* v. *K. L. Ins. Co.*, 90 N. Y. 526; Cooley's Cons. Lim. 398, 399; *Dudley* v. *Mayhew*, 3 N. Y. 12; *Coffin* v. *Tracy*, 3 Cow. 129; Code of Pro. § 427; *Bates* v. *N. O., etc. R. R. Co.*, 4 Abb. Pr. 72.) Letters of administration could not change plaintiff's residence. (Code Civ. Pro. § 2638; *Coal Co.* v. *Blatchford*, 11 Wall. 172; *Kennedy* v. *Ryall*, 67 N. Y. 379, 386.) A motion to vacate the summons was proper. (*Davidsburgh* v. *K. L. Ins. Co.*, 90 N. Y. 526: *Rhode Island* v. *Massachusetts*, 12 Pet. 719; *A., etc., Co.* v. *B. & O. R. R. Co.*, 87 N. Y. 355, 357, 358; *Bates* v. *N. O., etc., R. R. Co.*, 4 Abb. Pr. 72; *Denton* v. *International Co.*, 36 Fed. R. 1; *Gonnully* v. *P. Mfg. Co.*, 34 id. 818.) This court will not declare an enactment of the state legislature unconstitutional, as repugnant to the Federal Constitution, unless there can be no reasonable doubt of its unconstitutionality. (Sedgwick on Stat. and Const. Construction, 552; *Fletcher* v. *Peck*, 6 Cranch, 128; *U. S. Banks* v. *Halstead*, 10 Wheat. 35; *Parsons* v. *Bedford*, 3 Peters, 433, 448.) Section 1780 of the Code makes the power to sue a foreign corporation upon a cause of action, arising without the state, depend upon residence, not upon citizenship, and hence it is not obnoxious to article 4, section 2, of the Federal Constitution. (*Adams* v. *Penn Bank*, 35 Hun, 393, 394; *Lemmon* v. *People*, 20 N. Y. 562; *Henry* v. *Marshall*, 9 Md. 194; *Campbell* v. *Morris*, 3 H. & McH. 534; *Che-*

*mung Bk.* v. *Lawery*, 93 U. S. 72; *McCready* v. *Virginia*, 94 id. 391, 396.)

Earl, J.  The plaintiff, as administrator of Jane Lingard Robinson, deceased, commenced this action in the New York Superior Court to recover damages against the defendant, a foreign corporation, for wrongfully and negligently causing the death of his intestate.  In the complaint, the death is alleged to have been caused upon the ocean within the territorial limits of the United Kingdom of Great Britain and Ireland, by a collision between two of the defendant's vessels upon one òf which the deceased was a passenger.  The action is based upon the English statute, called Lord Campbell's act, passed in 1846, which has been substantially re-enacted in this state.  The defendant appeared in the action, interposed an answer to the complaint and noticed the cause for trial. Afterward it made a motion that the summons be vacated and the complaint dismissed on the ground that the court did not have jurisdiction of the action.  That motion was denied at the Special Term, and from the order there made, the defendant appealed to the General Term, where the order was reversed and the motion granted, and the plaintiff · then appealed to this court.

It appeared upon the motion, and it is an undisputed fact, that the residence of the intestate at the time of her death was at Fall River, in the state of Massachusetts, and that the plaintiff was and is a resident of the same place, and that he was appointed administrator by the surrogate of the county of New York.  The claim of the defendant is that as the plaintiff was a non-resident and the defendant was a foreign corporation, and the cause of action did not arise within this state, the court had no jurisdiction of the action, under section 1780 of the Code.  The plaintiff contends that although he personally resided in the State of Massachusetts within the meaning of the section referred to, he was a resident of this state because he was here appointed administrator.  But he was, nevertheless, personally, a non-resident.  Such a per-

son may, under the statutes, be appointed an administrator, but he does not thereby become in any sense a resident of the state. (*Coal Company* v. *Blatchford*, 11 Wall. 172 ; *Matter of Page*, 107 N. Y. 266.) The case of *Leonard* v. *Columbia Steam Navigation Company* (84 N. Y. 48), is not an authority upon this point for the plaintiff, as in that case the defendant was a domestic corporation.

It is true that the plaintiff's cause of action is transitory, and that a plaintiff may bring a suit upon such a cause of action wherever he may be, provided he can find a court which has jurisdiction of the action and can obtain jurisdiction of the defendant. But a cause of action, even if transitory, must always arise somewhere, and this cause of action arose where the tort was committed which caused the death of the plaintiff's intestate. That this is a cause of action for a tort is too clear for reasonable dispute. It exists only by virtue of the statute referred to, and is based entirely upon the negligence and tortious conduct attributable to the defendant. We, therefore, have a case where the plaintiff is a non-resident, the defendant a foreign corporation, and the cause of action did not arise within this state; and, therefore, no court within this state has jurisdiction of the action.

Under the Revised Statutes, so far as we are able to discover, there was no provision for an action in the courts of this state by a non-resident against a foreign corporation, and the only provision for suits against foreign corporations was that found in 2 Revised Statutes (459, § 15), where it was provided that suits brought in the Supreme Court by a resident of this state against any corporation created by or under the laws of any other state, government or country for the recovery of any debt, claim or demand may be commenced by attachment. That provision remained until 1849, when, by section 107 of the laws of that year, it was amended so as to read as follows : " Suits may be brought in the Supreme Court, in the Superior Court of the city of New York, and in the Court of Common Pleas in and for the city and county of New York against any

corporation created by or under the laws of any other state, government or country for the recovery of any debt or damages, whether liquidated or not, arising upon contract made, executed or delivered within the state, or upon any cause of action arising therein. Such suits may be commenced by complaint and summons, together with an attachment as provided by law, and such complaint and summons may be served as provided by sections 113 and 114 of the Code of Procedure." Under the section, as thus amended, any plaintiff could commence an action against a foreign corporation upon any cause of action arising within this state. In the same year section 427 was added to the Code of Procedure, providing as follows :

" An action against a corporation, created by or under the laws of any other state, government or country may be brought in the Supreme Court, the Superior Court of the city of New York, or the Court of Common Pleas for the city and county of New York in the following cases :

" 1. By a resident of this state for any cause of action.

" 2. By a plaintiff not a resident of this state, when the cause of action shall have arisen, or the subject of the action shall be situated within the state."

This section did not assume to define all the cases in which actions could be brought against foreign corporations, and did not absolutely limit the power and jurisdiction of the courts mentioned. It specified the cases in which foreign corporations could compulsorily, by service of process in the mode prescribed by law, be subjected to the jurisdiction of the courts. It did not deprive the courts of any of their general jurisdiction.

The Supreme Court, being a court of general jurisdiction, could, independently of any statute, entertain actions against foreign corporations. Such corporations could, by the common law, always be sued in this state by any plaintiff for any cause of action, provided jurisdiction could be obtained of their persons (Morawetz on Corp. § 977, and cases cited in note); and so it was held construing this section of the Code in *McCormick* v. *Pennsylvania Railroad Company* (49

N. Y. 303). There the action was brought by a non-resident plaintiff against a foreign corporation for a cause of action which arose without the state, and it was held that the court could entertain the action because the defendant had appeared generally in the action, and submitted itself to the jurisdiction of the court, the cause of action being one of a class coming within its jurisdiction. Thus the law remained until the Code of Civil Procedure was enacted, section 1780 of which provides as follows:

"An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action. An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident in one of the following cases only:

"1. Where the action is brought to recover damages for the breach of a contract made within the State, or relating to property situated within the state, at the time of the making thereof.

"2. Where it is brought to recover real property situated within the state, or a chattel which is replevied within the state.

"3. Where the cause of action arose within the state, except where the object of the action is to affect the title to real property situated without the state."

Under this section a resident of this state, or a domestic corporation, can maintain an action against a foreign corporation for any cause of action, no matter where it arose. But an action by a non-resident plaintiff against a foreign corporation can be maintained *only* in the cases specified, and in no case for a cause of action which arose outside of the state limits. The jurisdiction of the courts is defined and limited and absolutely confined to the cases specified; and the word "only" may have been, and probably was, inserted after the words "following cases" to change the rule as announced in *McCormick* v. *P. C. Railroad Company.*

The discrimination between resident and non-resident plaintiffs is probably based upon reasons of public policy, that our courts should not be vexed with litigations between non-resident

parties over causes of action which arose outside of our territorial limits. Every rule of comity and of natural justice and of convenience is satified by giving redress in our courts to non-resident litigants when the cause of action arose, or the subject-matter of the litigation is situated within this state.

It is not sufficient that a non-resident plaintiff should, by any service of process or in any other way, obtain jurisdiction of a foreign corporation; but before the action can be maintained, in any court of this state, there must also be jurisdiction of the subject-matter of the action. Jurisdiction of the action cannot be conferred upon the court by any consent or stipulation of the parties. The objection to the jurisdiction in such case may be taken at any stage of the action, and the court may, *ex mero motu*, at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action. (Cooley's Const. Lim. 398; *Davidsburgh* v. *Knickerbocker L. Ins. Co.*, 90 N. Y. 526.) In the case cited DANFORTH, J., said: " There are no doubt many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision; but where the state prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case the particular condition or status of the defendant is made a jurisdictional fact."

It is claimed, however, that section 1780 of the Code, so far as it discriminates between resident and non-resident plaintiffs, is repugnant to section 2 of article 4 of the Federal Constitution, wherein it is provided that " the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states." This section makes no discrimination between citizens, but between residents and non-residents. Without attempting to define the full scope of that constitutional provision, it is sufficient to say that it has no application to a case like this, and there are numerous decisions to that effect. (*Adams* v. *Penn Bank*, 35 Hun, 393; *Frost* v. *Brisbin*, 19 Wend. 11; *Lemmon* v. *People*, 20 N. Y. 562; *Haney* v. *Marshall*, 9 Md. 194;

*Campbell* v. *Morris*, 3 Harris & McHenry [Md.] 534; *Chemung Bank* v. *Lowery*, 93 U. S. 72; *McCready* v. *Virginia*, 94 id. 396; *Missouri* v. *Lewis*, 101 id. 22.) A construction of the constitutional limitation which would apply it to such a case as this would strike down a large body of laws which have existed in all the states from the foundation of the government, making some discrimination between residents and non-residents in legal proceedings and other matters.

The order should, therefore, be affirmed, with costs.

All concur.

Order affirmed.