### ADLER v. ORDER OF AMERICAN FRATERNAL CIRCLE OF BALTIMORE CITY.

*(Supreme Court, Special Term, New York County.  May, 1892.)*

ATTACHMENT—FOREIGN CORPORATION—AFFIDAVIT—AMENDMENT.

An action on a contract against a foreign corporation being by the provisions of Code Civil Proc. § 1780, allowed only where plaintiff is a resident, or the contract was made within the state, or the cause of action arose within the state, and a court having no jurisdiction to grant an attachment unless the affidavit shows that the court has jurisdiction of the subject-matter, it is a prerequisite to the power of the court, in an action against a foreign corporation, to grant an attachment, that the affidavit therefor show either that plaintiff is a resident or that the contract was made in the state, or the cause of action arose therein; and an amendment of the affidavit after issuance of the attachment will not do.

Action by Carrie Adler against the Order of American Fraternal Circle of Baltimore City on a contract of insurance.  Defendant moves to vacate an attachment allowed therein.  Motion granted.

The affidavit avers that defendant is a foreign corporation, and that it insured plaintiff against sickness.  It, however, failed to state either that plaintiff was a resident of the state, or that the contract was made within the state, or that the cause of action arose within the state, though the complaint which was on file showed that plaintiff was a resident.

*Hyman & Heinzelman,* for plaintiff.  *Gruber & Landon,* for defendant.

INGRAHAM, J.  In an action of this character, by section 1780 of the Code, this court has jurisdiction in an action against a foreign corporation only when it appears that the plaintiff is a resident of this state, or where it appears that the action is brought to recover damages for breach of a contract made within this state, or where the cause of action arose within the state. To give the court jurisdiction to grant an attachment it must appear by affidavit that a cause of action exists in favor of plaintiff against defendant, and the general term of this court has held that, unless the facts appear in the affidavit that give the court jurisdiction of the subject-matter of the action, the judge has no jurisdiction to grant the attachment.  *Oliver* v. *Manufacturing Co.,* (Sup.) 10 N. Y. Supp. 771.  This is distinct from the court acquiring jurisdiction over the person of the defendant.  Unless the facts appear to bring the case within section 1780 of the Code, the court has no jurisdiction over the subject-matter, and there is therefore no cause of action alleged. This is jurisdictional, and cannot be cured by amendments.  The motion must therefore be granted, and the attachment vacated; $10 costs to abide the event.