JOHN A. SMITH, Appellant, *v.* UNION MILK COMPANY, Defendant; JESSE DURLAND, a Subsequent Attaching Creditor, Respondent.

*Attachment against a foreign corporation — residence of the plaintiff — what the attachment papers must show.*

To maintain an attachment, issued with the complaint in an action brought against a foreign corporation (which has neither been served with process in the State nor has appeared in the action) to recover damages for a breach of contract, as against a motion made by a subsequent attaching creditor, whose writ is in all respects regular, to vacate the attachment upon the papers on which it was granted, such papers, in case they do not show that the plaintiff is a resident of the State of New York, must show either that the contract in suit was made within this State, or that the cause of action arose therein.

APPEAL by the plaintiff, John A. Smith, from an order made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 30th day of August, 1892, vacating the plaintiff's attachment, upon the motion of Jesse Durland, a subsequent attaching creditor.

*Henry W. Smith*, for the appellant.

*Maclay & Forrest*, for the respondent.

FOLLETT, J.:

The actions brought by the parties to this appeal are for the recovery of damages for the breach of contracts. Such an action may be maintained by a resident of this State against a foreign corporation, though the contract was not made in this State, and though the cause of action did not arise therein. But a non-resident cannot maintain such an action unless the contract was made within the State, or unless the cause of action arose therein. (Code Civ. Pro. § 1780.) Unless a foreign corporation appears in such an action, and either expressly, or tacitly, acquiesces in the jurisdiction of the court, none is acquired without it is established either that the plaintiff is a resident of, or that the contract was made, or the cause of action arose within the State.

It is conceded that the defendant in these actions is a foreign corporation. Both attachments were granted exclusively on that ground, and were levied on the same property. It is not shown that the defendant has been served with process in this State, or that it has appeared in either action. Therefore, it does not appear that jurisdiction of the defendant has been acquired in either action. So far as it appears, the only effect of a judgment in either action will be to bind and authorize a sale of such property as has been or may be attached before judgment entered. (Code, § 707.)

The sole question in this case is, did the appellant, whose attachment was first issued and levied, acquire a legal lien as against the subsequent attachment of the respondent?

The sufficiency of the respondent's papers to support his attachment is not questioned. He alleges in his verified complaint, and avers in his affidavit, upon which, together with the summons and complaint, his writ was granted, that the plaintiff is a resident of this State, and also that the promissory note, which is set up as a first cause of action, was made and dishonored in this State.

The appellant avers in his affidavit, upon which, together with the summons and complaint, his attachment was granted, that the defendant is a foreign corporation with an office in this city, and has horses, wagons, milk cans, bottles and accounts within this State; and he alleges in his verified complaint that the defendant is a foreign corporation organized under the laws of New Jersey, and is doing business in the State of New York, with an office at No. 57

Sixth avenue in the city of New York. It is also alleged in the complaint that in June and July, 1892, the plaintiff sold and delivered to the defendant milk and cream of the value of $1,168, which sum the defendant agreed to pay therefor, but has wholly failed so to do. It is not alleged where the sale or delivery was made, or at what place payment was to be made; nor is it alleged or averred that the defendant was exclusively engaged in business in this State. The papers do not affirmatively show that the contract was made, or that the cause of action arose, within this State. And we do not think, from the facts alleged and averred, that we can infer that the contract was made or broken in this State, as against a subsequent attaching creditor whose writ is in all respects regular and founded upon sufficient facts affirmatively alleged and averred.

The milk and cream may have been sold and delivered in New Jersey, to be there paid for. The residence of the appellant is neither alleged in the complaint nor stated in his said affidavit, nor is any fact stated from which his place of residence can be inferred. So, whether the appellant be a resident or non-resident, he failed to allege in his complaint, or to aver in his affidavit, sufficient facts to authorize him to maintain an action against a foreign corporation.

The appellant urges that a decision denying him a lien will be harsh and founded upon a technicality; that he may amend his complaint and allege or prove the necessary facts on the trial. So he may, if the defendant is personally served in this State, or appears generally and does not raise the question of jurisdiction. He complains that the respondent moved to vacate the attachment solely on the papers on which it was granted, and this deprived him of the right to show that he is a resident of this State, and that the contract was made and broken therein. This is a risk which, under the statute, a creditor must take. If he fails to disclose a cause of action, or a legal ground for an attachment, though he may have both, a creditor having seized the same property by virtue of a valid attachment may have the prior one set aside and thus gain priority.

The order should be affirmed, with ten dollars costs and disbursements.

O'BRIEN and PARKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.