(23 Civ. Proc. R. 348.)

SELSER BROS. CO. v. POTTER PRODUCE CO.[1]

(Supreme Court, Special Term, New York County. March 1, 1894.)

1. FOREIGN CORPORATIONS—ATTACHMENT.
    Under Code Civ. Proc. § 1780, which provides that actions on contracts by one foreign corporation against another can be maintained only where the contract was made in the state, or the cause of action arose therein, an affidavit for an attachment in an action on contract by one foreign corporation against another, which fails to state either that the contract was made in the state, or the cause of action arose therein, is insufficient.

2. SAME—JURISDICTION—APPEARANCE.
    Voluntary appearance by a defendant in an action on contract by one foreign corporation against another does not give the court jurisdiction, where the contract was not made in the state, or the cause of action did not arise therein. Code Civ. Proc. § 1780.

Action by Selser Bros. Company against the Potter Produce Company to recover for goods sold and delivered. Plaintiff caused an attachment to be issued and levied on certain goods which had been consigned by defendant to factors for sale on commission. Afterwards, a junior attachment creditor moved to dissolve plaintiff's attachment, and to set aside the judgment entered in favor of plaintiff, and an execution issued thereon. Granted.

John Brooks Leavitt and Leavitt, Wood & Keith, for the motion. Elon S. Hobbs, opposed.

PATTERSON, J. This motion is made by a junior attaching creditor to vacate an attachment granted to the plaintiff in this action, and also to vacate a judgment entered in favor of the plaintiff herein against the defendant, and an execution issued on such judgment. The question discussed relates to the jurisdiction of

[1] Reversed on the ground that the affidavit filed in support of the motion to vacate the attachment was not sufficient. 28 N. Y. Supp. 428.

this court over foreign corporations. The papers show that this plaintiff and the defendant are both corporations of that character. In the month of November, 1893, and in this action, an attachment was granted upon an affidavit which clearly was insufficient to confer jurisdiction under the rulings in Smith v. Milk Co., 70 Hun, 348, 24 N. Y. Supp. 79, inasmuch as it failed to set forth that the contract sued on was made within the state, or that a cause of action arose therein. On the 2d day of January, 1894, the defendant in this cause appeared by an attorney, and offered to allow judgment for a certain sum to be entered against it. That offer was accepted, and judgment in accordance therewith was entered and execution was issued. On the 5th day of January, 1894, the party now moving, being a resident of the state, brought an action in the city court, and obtained a warrant of attachment against the defendant; and he now seeks to advance his lien by having both the intermediate and final process of this court declared to be invalid, as having been issued without jurisdiction to do so.

That the granting of the plaintiff's warrant of attachment was unauthorized is quite clear, but the question remains as to the judgment and execution. That judgment was entered after and upon a general appearance of the defendant by attorney. Prior to the enactment of the Code of Civil Procedure, that submission to the jurisdiction of the court would have sufficed to maintain the judgment. That was held in the well-known case of McCormick v. Railroad Co., 49 N. Y. 303. By the sections of the former Code of Procedure relating to the subject of the jurisdiction of the courts of this state over foreign corporations at the suit of nonresidents, no limitation was placed upon the general common-law power to entertain such actions when service of process was personally made upon their officers within the state, and general appearance by attorney was equivalent to such service. But by section 1780 of the Code of Civil Procedure a different rule of jurisdiction was adopted, and a distinct limitation has been placed upon it. The right of the nonresident or of the foreign corporation to maintain such an action as this in the courts of this state is confined to the cases specified in the section referred to; and the decision in Robinson v. Navigation Co. (N. Y. App.) 19 N. E. 625, directly covers this question, and holds that an action by a nonresident, etc., cannot be maintained against a foreign corporation on a cause of action which arose out of the state, and that the jurisdiction of the courts is defined and limited, and absolutely confined to the cases specified. This necessarily excludes the idea that appearence and consent can confer jurisdiction in any other case, or on any other cause of action, and, indeed, in the Robinson Case the report shows that the defendant had joined issue by answering, and even went so far as to notice the case for trial. The court proceeded to say:

"It is not sufficient that a nonresident plaintiff should, by any service of process or in any other way, obtain jurisdiction of a foreign corporation; but, before the action can be maintained, there must also be jurisdiction of the subject-matter of the action. Jurisdiction of the action cannot be conferred upon the court by any consent or stipulation of the parties."

We are not at liberty to draw any inferences respecting the place at which the cause of action arose, or the contract was made. The complaint is silent as to that. The necessary averments to give jurisdiction are wanting in the complaint, as well as in the affidavit on which the attachment was granted, and the court cannot supply them arbitrarily. Such averments are part of the subject-matter of the action, and without them no cause of action is shown, and the failure to plead them is fatal. The ordinary presumptions concerning courts of general jurisdiction do not apply in this case, under the terms of section 1780, as they are explained and interpreted in the Robinson Case, above cited. The motion must be granted, with $10 costs.