SELSER BROTHERS COMPANY, Appellant, *v.* POTTER PRODUCE COMPANY, Respondent.

77h 313
62ad569

*Warrant of attachment — defective affidavit — a third person, assailing an attachment, must demonstrate his lien on the attached property.*

Where the plaintiff and defendant in an action are both foreign corporations, and the affidavit upon which, in part, the granting of an attachment is based, does not show that the contract sued on was made, or that the cause of action arose, within the State of New York, the attachment is improperly granted.

The affidavit upon which a warrant of attachment is granted is defective where the important allegations are all upon information and belief, the source of information being said to be contained in affidavits on file in the court, when the affidavits referred to are not quoted from, nor are their contents nor any portion of them stated.

Section 682 of the Code of Civil Procedure authorizes a defendant, or a person who has acquired a lien upon attached property, to apply to the court to vacate the warrant of attachment, and it is necessary for the party making such an application to demonstrate that he has a lien upon the property covered by the attachment which he seeks to set aside, and whether he has such lien may be called in question on the motion by the party whose attachment is assailed, to the end that it may be determined whether the moving party is qualified to make the motion which the debtor either cannot or will not make.

APPEAL by the plaintiff, Selser Brothers Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of March, 1894, vacating and setting aside a warrant of attachment granted on the 17th day of November, 1893, and setting aside the judgment entered and the execution issued thereon on the 2d day of January, 1894.

*Elon S. Hobbs*, for the appellant.

*J. B. Leavitt*, for the respondent.

Parker, J.:

Plaintiff and defendant were foreign corporations when this action was commenced, and the affidavit upon which in part the granting of the attachment was based did not set forth that the contract sued on was made, or that the cause of action arose within this State. The attachment, therefore, was improperly granted. (*Smith* v. *Union Milk Co.*, 70 Hun, 348.)

Nineteen days afterwards the defendant, in writing, offered to allow the plaintiff to take judgment against it for a sum which was about twenty-five per cent less than that for which a recovery was demanded in the complaint. The offer was accepted on that day, and judgment accordingly entered, on which execution was issued to the sheriff who had levied the attachment.

The motion which resulted in the order appealed from was made by Charles H. Kuske, who based his right to make it upon the claim that he had acquired a lien upon the property after plaintiff had issued its execution.

The vacation of the attachment merely would not, of course, have accomplished his purpose, for, as we have already observed, subsequent to that event judgment had been entered after a general appearance in the action, upon an offer of judgment by the defendant, and, by virtue of the execution issued thereon, the sheriff was in a position to enforce collection of the amount for which the plaintiff had obtained judgment. So the moving party asked and obtained the further order of the court that the judgment and the execution issued thereon be vacated and set aside. This part of the relief asked was granted upon the authority of *Robinson* v. *Oceanic Steam Nav. Co.* (112 N. Y. 315), in which it was held: *First*. That prior to the statutory enactment which, with some amendments, has become incorporated into section 1780 of the Code of Civil Procedure, the Supreme Court could entertain actions between foreign corporations, or non-resident parties, plaintiff and defendant, even though the cause of action did not arise, or the contract sued upon was not made, within the State. *Second*. That while the court had jurisdiction in such cases, it would not always take jurisdiction, and

could, of its own motion, dismiss the action when the facts should come to its knowledge. *Third.* That the effect of section 1780 of the Code of Civil Procedure is to so limit the jurisdiction of the court as to absolutely confine it to the cases therein specified.

The attention of the court does not seem to have been directed to the question whether it was within the power of the Legislature to thus restrict and confine the jurisdiction of the Supreme Court. The Constitution provides that " there shall be the existing Supreme Court with general jurisdiction in law and equity." The fact is, as asserted in *Robinson's Case* (*supra*), that formerly the court had general jurisdiction in actions like the one now under consideration. Whether, under the Constitution creating the three departments of government, and prohibiting either from interfering with the powers and duties committed to the others, the Legislature has authority to cut down the jurisdiction of the Supreme Court in the manner attempted by section 1780, presents a question of such importance that it would have received careful consideration in the court of last resort had that court been invited to consider it. But that question need not be determined on this review, for, as we view it, the party had not acquired such a lien upon and interest in the property attached by this plaintiff as gave him a standing to make the motion.

The affidavit upon which his attachment was granted is defective in that the important allegations are all upon information and belief, the source of information being said to be contained in affidavits on file in this court. The affidavits referred to are not quoted from, nor are their contents, nor any portion of them stated ; so the court was not put in possession of the facts affirmed therein. The respondents cite in support of this affidavit *Whitney* v. *Hirsch* (39 Hun, 325) and *Bennett* v. *Edwards* (27 id. 352). In *Whitney's* case the affidavits were copied in the moving affidavit, and a reason assigned for copying the affidavit and referring to the original instead of producing the affidavit of him who made it, the reason given being that he was unable to procure an affidavit from the person making the one then constituting a part of the records of the court, and it was held sufficient.

In *Bennett's* case the affidavit on which the attachment was granted not only quoted from the affidavit on file in the clerk's

office, but gave the reason why the plaintiffs were unable to obtain the affidavit of the person having positive knowledge, and the court said that having given the names of the persons from whom the information was derived and quoted their affirmations, and in addition presented satisfactory excuses for failing to produce an affidavit of the person having positive knowledge, it was sufficient. Such is undoubtedly the general rule. (*Marine Bank* v. *Ward*, 35 Hun, 395; *James* v. *Richardson*, 39 id. 400.) But this affidavit is, as we have pointed out, quite different; and no case has been called to our attention, nor do we think can be, which upholds it.

There are other defects, but they need not be referred to, for it is clear that the affidavit upon which Kuske obtained his attachment was so defective that it would have been vacated upon a motion by any party having a standing for such a purpose. But he insists here that while he has a standing to attack the warrant of attachment issued on behalf of the plaintiff, the plaintiff cannot in turn challenge the validity of the one granted on his application. This position is not well taken. Section 682 of the Code of Civil Procedure authorizes a defendant or a person who has acquired a lien upon the attached property to apply to the court to vacate the warrant of attachment. It is apparent from the language of the section that it is necessary for the party making such an application to demonstrate that he has a lien upon the property covered by the attachment which he seeks to set aside. And whether he has such lien the party whose attachment is assailed may call in question on the motion, to the end that it may be determined whether the moving party has a standing to make the motion which the debtor either cannot or will not make.

This section was so construed, and, we think, correctly, in *Delmore* v. *Owen* (44 Hun, 296).

Having reached the conclusion that the moving party had no standing to make the motion, it follows that the order should be reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs.

Van Brunt, P. J., and Follett, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied.