### LADENBURG v. COMMERCIAL BANK OF NEWFOUNDLAND.

(Supreme Court, Special Term, New York County. February, 1895.)

FOREIGN CORPORATIONS—ACTIONS—AVERMENT OF JURISDICTIONAL FACTS.

The rule that an attachment cannot be issued against a foreign corporation unless it affirmatively appears either that plaintiff is a resident of

the state, or, if a nonresident, that the action is on a contract made within the state or relates to property within the state, or that the cause of action arose within the state (Code Civ. Proc. § 1780), does not render an attachment void merely because it was granted without such showing, but the defect may be cured by a affidavit filed nunc pro tunc.

Action by Ladenburg against the Commercial Bank of Newfoundland. Defendant moves to vacate an attachment. Denied on condition.

Mapes & Kelly, for plaintiff.
Steinhardt & Goldman, for defendant.

INGRAHAM, J. The general term of this court has decided in a number of cases that, in order to justify the issuing of an attachment against a foreign corporation, it must affirmatively appear that the plaintiff is either a resident of this state, or, if a nonresident, that the action is brought to recover damages for a breach of a contract made within this state, or that the action related to property within this state, or that the cause of action arose within this state, to comply with section 1780 of the Code of Civil Procedure; and that, where any of the facts as required by section 1780 of the Code did not appear, the attachment was therefore irregular, and would be vacated upon motion. See Smith v. Milk Co., 70 Hun, 348, 24 N. Y. Supp. 79; Talcott v. Indemnity Co., 81 Hun, 577, 30 N. Y. Supp. 1118. This rule having become thus settled in this department, whatever my individual opinion may be, I do not feel at liberty to disregard it. I am aware that a serious question has been presented as to the power of the legislature to restrict the jurisdiction of the supreme court, and that doubt is well expressed by Mr. Justice Parker in his opinion delivered at the general term in Selser Bros. Co. v. Potter Produce Co., 77 Hun, 315, 28 N. Y. Supp. 428. Subsequent to the decision of that case, however, Talcott v. Indemnity Co., supra, reaffirmed the rule before established. In Robinson v. Navigation Co., 112 N. Y. 322, 323, 19 N. E. 625, the court of appeals appears to have held that an action by a nonresident plaintiff against a foreign corporation can be maintained only in the cases specified. The attention of the court, however, was not called to the limitation of the power of the legislature to restrict the jurisdiction of the supreme court in cases over which it had jurisdiction prior to the adoption of the constitution. If the legislature had power thus to restrict the jurisdiction of the supreme court over actions against foreign corporations, I can see no reason why it would not have power to restrict such jurisdiction over domestic corporations, or any other actions against individual defendants, and thus seriously restrict the jurisdiction of the supreme court; while over actions in the superior city courts it has been expressly held that the legislature had no power to restrict their jurisdiction. Popfinger v. Yutte, 102 N. Y. 39, 6 N. E. 259. I should hardly feel at liberty, however, in view of the former decision of the general term of this court and of the court of appeals, to hold this provision of the Code unconstitutional.

The question was also presented on this motion as to the power

of the court to allow a person obtaining an attachment, which the justice should not have granted because of a failure to allege the facts of the residence of the plaintiff, to file an affidavit nunc pro tunc, setting up such fact. In the case of Adler v. Fraternal Circle (Sup.) 19 N. Y. Supp. 885, on a motion to vacate an injunction, I expressed the opinion that this failure to state the facts was jurisdictional, and could not be cured by amendment. The question was not directly presented there as to whether the court would have power to allow an affidavit setting up a fact that existed, and which would give the court jurisdiction over the subject-matter of the action to be filed nunc pro tunc as of the date of the granting of the attachment. The claim of the moving party here is that, as it did not appear that the court had jurisdiction of the cause or of the subject-matter of the action, the attachment was improperly granted; and that is because of the provision of section 1780 of the Code, which provides that the courts of this state shall have jurisdiction as against foreign corporations only in the cases specified in the section. If the facts existed which brought the case within one of those mentioned in the section, then the court has jurisdiction over the subject-matter of the action, and therefore has jurisdiction to issue the attachment. No section of the Code provides that to justify a judge in granting an attachment the facts showing jurisdiction should be presented to him, and the general rule of law applies that the jurisdiction of a superior court must always be presumed. Where, therefore, the facts existed which gave the court jurisdiction of the subject-matter of the action, and where a cause of action was stated in the affidavits, but through inadvertence a fact was omitted which would show that the case was one of those mentioned in section 1780 of the Code, and when, as a fact, the court did have jurisdiction of the subject-matter of the action, I can see no reason why the court has not the power to allow an affidavit setting forth that fact to be filed nunc pro tunc as of the date of the granting of the attachment. And if the plaintiff here presents such an affidavit, showing that the jurisdictional facts existed when the action was commenced, I will allow it to be filed nunc pro tunc as part of this motion. In case such an affidavit be filed, the motion will be denied; if no such affidavit be filed, then the motion will be granted. In either case I will grant a stay of all proceedings pending an appeal.