(25 Civ. Proc. R. 365.)

## CREMINS v. EAST LAKE WOOLEN CO.

(Supreme Court, Special Term, New York County. April, 1896.)

ATTACHMENT—AMENDMENT OF AFFIDAVIT.

     The omission of the affidavit to allege that plaintiff, in attachment against a foreign corporation, was a resident of the state (Code Civ. Proc. § 1780), is a jurisdictional defect, and cannot be cured by amendment.

Action by James Cremins against the East Lake Woolen Company. Plaintiff moves for leave to file an affidavit nunc pro tunc in support of an attachment, which had been set aside. Denied.

J. Edward Ackley, for the motion.
Blumenstiel & Hirsch, opposed.

LAWRENCE, J. This is a motion made on behalf of the plaintiff for leave to file an affidavit nunc pro tunc showing that the plaintiff was a resident of this state at the time the attachment issued herein was granted. It appears that the attachment was

granted against a foreign corporation, and that the affidavits upon which it was granted did not show that the plaintiff was either a resident of the state, or that the cause of action accrued within the state. Under such circumstances it would appear that the court had no jurisdiction (Code Civ. Proc. § 1780; Ladenburg v. Bank, 87 Hun, 274, 33 N. Y. Supp. 821; Adler v. Order of American Fraternal Circle [Sup.] 19 N. Y. Supp. 885.) It appears that a motion was made before Mr. Justice Truax on behalf of Aaron M. Klaw, a subsequent lienor, to vacate the attachment, on the ground that the court had acquired no jurisdiction, and that such motion was granted. The application before me is for leave to file an additional affidavit nunc pro tunc setting forth the residence of the plaintiff in this state. The authorities up to this time have been uniform to the effect that such a motion could not be granted (see cases supra); and I do not find that the cases which are relied upon by the plaintiff in support of this motion are in point. The case of Sulzbacher v. J. Cawthra & Co. (Com. Pl.) 36 N. Y. Supp. 8, recently affirmed in the court of appeals (43 N. E. 990), is not in point, for the reason that there all the jurisdictional facts necessary for the granting of the attachment appeared fully in the attachment papers, and the application was made not to vacate the attachment, but to reduce it to a certain amount, because it was plain that the affidavits were not complete enough to warrant the court in granting the attachment for the amount for which it was granted. Here there is no attachment to amend, because it has already been vacated by the order of Mr. Justice Truax, and to grant it would be, in effect, to sustain an appeal from one special term judge to another.

Ordered accordingly; $100 costs of motion. Settle order on notice.