(17 Misc. Rep. 145.)

LEVY v. SWICK PIANO CO. SPEIDEL v. SAME (four cases). HARTEN-
STEIN v. SAME (two cases). SWICK v. SAME.

(Supreme Court, Appellate Term, First Department. May 25, 1896.)

1. CORPORATIONS—SUPPLEMENTARY PROCEEDINGS.
    Affidavits filed on behalf of plaintiffs in supplementary proceedings, stating that an execution was issued against the property of "defendant corporation," and that the execution was issued in New York city and county, "where said defendant * * * has its principal place of business," show that defendant is a corporation having a business agency in New York, so as to bring it within Code Civ. Proc. § 2463, declaring that the provisions relating to supplementary proceedings do not apply where the judgment debtor is either a domestic corporation or a foreign corporation which has within the state a business agency.

2. APPEAL—OBJECTIONS NOT RAISED BELOW—JURISDICTION.
    The objection that an order was made without jurisdiction may be taken on appeal, though it was not raised below.

3. SAME—APPEALABLE ORDERS—SUPPLEMENTARY PROCEEDINGS.
    An order, made at special term, in supplementary proceedings, directing a bank to pay over to the sheriff money in its hands belonging to the judgment debtor, is not within Code Civ. Proc. § 2433, providing that an order made in such proceedings "by a judge out of court may be vacated or modified by the judge who made it as if it was made in an action, or the order of the judge vacating it or modifying it may be vacated or modified on motion by the court out of which the execution issued," and is therefore appealable.

Appeal from city court of New York, general term.

Action by Abraham Levy against the Swick Piano Company, four actions by William H. Speidel against the same defendant,

two actions by Frank Hartenstein against the same defendant, and one action by Hester Ann Swick against the same defendant. An order was made at a special term of the city court directing the Twenty-Third Ward Bank to pay to the sheriff of the city and county of New York $1,235.62, in its hands, belonging to the judgment debtor, the Swick Piano Company, and that the sheriff, out of said moneys, pay—first, the four judgments of plaintiff Speidel; second, the two judgments of plaintiff Hartenstein; and, third, the judgment of Hester Ann Swick. The order was affirmed by the general term (38 N. Y. Supp. 1146), and plaintiff Levy appeals. Reversed.

The affidavits of William H. Galloway and Alfred B. Jaworower, relating to the corporate character of defendant, are as follows:

"William H. Galloway, being sworn, says that he is managing clerk for Benno Loewy, attorney for the above-named plaintiff; that judgment was recovered in this action against the above-named defendant in the city court of New York, on the 26th day of July, 1895, for five hundred and sixty-four and $88/100$ dollars, damages and costs; that the said judgment, exclusive of costs, was for more than twenty-five dollars; that the judgment roll was duly filed in the office of the clerk of the city court of New York; and that a transcript of said judgment was thereafter duly filed and docketed in the office of the clerk of the city and county of New York on the 26th day of July, 1895; and that an execution upon said judgment against the property of the defendant corporation was, on the 26th day of July, 1895, duly issued out of the city court of New York, which is a court of record, to the sheriff of the city and county of New York, where said defendant then resided and still resides; that the said sheriff has returned said execution has not yet been returned; and that said judgment remains wholly unpaid; and that no previous application has been made for this order; and that the aforesaid judgment was rendered upon personal service of the summons upon the defendant, as required by section 2458 of the Code of Civil Procedure; and that the Twenty-Third Ward Bank of New York has personal property of the judgment debtor exceeding ten dollars in value, or is indebted to it in a sum exceeding ten dollars."

"Alfred B. Jaworower, being duly sworn, says, that he is the attorney for the above-named plaintiff; that judgment was recovered in this action against the above-named defendant, Swick Piano Company, in the city of New York, on the 23d day of July, 1895, for ($70 $37/100$) seventy $37/100$ dollars, damages and costs; that the said judgment, exclusive of costs, was for more than twenty-five dollars; that the judgment roll was duly filed in the office of the clerk of the city court of New York; and that a transcript of said judgment was thereafter duly filed and docketed in the office of the clerk of the county of New York on the 23d day of July, 1895; and that an execution upon said judgment against the property of the defendant was on the 23d day of July, 1895, duly issued out of the city court of New York, which is a court of record, to the sheriff of the city and county of New York, where said defendant then had and still has its principal place of business; that the said sheriff has not yet returned said execution satisfied; and that the said judgment remains unpaid; and that no previous application has been made for this order; and that the aforesaid judgment was rendered upon personal service of the summons upon the defendant, as required by the Code of Civil Procedure, and that the Twenty-Third Ward Bank,—or is indebted to it in a sum exceeding ten dollars."

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Philip Waldheimer, for appellant.
Alfred B. Jarowower, for respondent William H. Speidel.
Benno Loewy, for respondent Hester Ann Swick.
Lexow, Mackellar & Wells, for the Twenty-Third Ward Bank.

DALY, P. J.   The appeal is taken on the ground that the city court had no jurisdiction to make the order appealed from in supplementary proceedings, because the judgment debtor was a corporation created by the laws of this state, or a foreign corporation doing business within the state.    Code Civ. Proc. §§ 2463, 1812.    The first section of the Code above cited declares that this article (the one relating to supplementary proceedings) does not apply where the judgment debtor is a corporation created by or under the laws of the state, or a foreign corporation specified in section 1812.    The latter section specifies corporations, or joint-stock associations, created by or under the laws of another state, government, or country, where the corporation or association does business within the state, or has within the state a business agency, a fiscal agency, or an agency for the transfer of its stock.

It appears from the affidavit of William H. Galloway that the judgment debtor, the Swick Piano Company, is a corporation, and it is stated in the affidavit of Walter B. Jaworower, and in other parts of the record, that the defendant has its principal place of business in the city and county of New York.    This more than answers the requirement of doing business within the state or having a business agency therein, and clearly exempts this corporation, if a foreign corporation, from the Code provisions relating to supplementary proceedings.    The remedy of a judgment debtor of a domestic corporation, or a foreign corporation doing business in this state, is by resort to proceedings under sections 1784, 1809–1812.

The respondent urges that the appellant is precluded from raising the question of jurisdiction by his failure to present it to the court below, and by the concessions recited in the order appealed from, and by his conduct in instituting supplementary proceedings, himself, against the same judgment debtor.    As the corporation is, however, exempted from the operation of supplementary proceedings, an order therein made against it is absolutely void, as the court is without jurisdiction of the subject-matter attempted to be brought before it, and this objection can be made at any time. Robinson v. Navigation Co., 112 N. Y. 315, 19 N. E. 625.    And, in fact, any attempt to confer jurisdiction in such a case by consent is ineffectual.    Burckle v. Eckhart, 3 N. Y. 132; 12 Am. & Eng. Enc. Law, 301.

There remains the question whether the order is appealable to this court.    The remedy sought in the court below was a so-called "third-party proceeding," claimed to be authorized by section 2432. Section 2433 declares that:

"Each of these remedies is a special proceeding, but an order made in the course thereof can be reviewed only as follows:  (1) An order made by a judge out of court may be vacated or modified by the judge who made it as if it was made in an action, or the order of the judge vacating it or modifying it may be vacated or modified, upon motion, by the court out of which the execution was issued.  *  *  *"

The remainder of the section is immaterial to the question in hand, and is not quoted.

In this instance the order was not made by a judge, but by the special term, and, consequently, it does not fall within the provisions of the above enactment, and the appeal may be entertained, under section 3191, relating to appeals generally from the city court.

Orders of the general term and special term reversed, with costs and disbursements in this court to the appellant. All concur.