*327 OPINION OF THE COURT
William H. Keniry, J.
What started out as a seemingly routine proceeding to assess and collect New York State and New York City income taxes for the years 1980 through 1984 from an individual taxpayer has given rise to this significant intraagency dispute within the New York State Department of Taxation and Finance. The dispute pits the Department of Taxation and Finance (hereinafter the Department) against one of its internal divisions, the Division of Tax Appeals.
Before outlining the novel legal issue raised in this CPLR article 78 proceeding, the underlying facts must be detailed.
From 1939 until his retirement in 1979, Richard Scharff lived with his parents in a Brooklyn apartment. A bachelor and by avocation the comptroller of a New York City-based freight-forwarding business, Scharff decided to alter his conventional life-style after his retirement and devote his energies to artistic pursuits such as writing and painting. In 1979, Scharff moved to the State of Connecticut where he alleges that he lived in a hotel to pursue a career as a writer. His mother (his father died in 1972) continued to reside in the Brooklyn apartment. In 1980, Scharff moved to New Jersey where he rented a large loft in a commercial building which he used as both an art studio and as his living quarters. He pursued his interest in painting. In 1985 Scharff moved to the State of Florida where he now resides.
In September 1986 the Department served, pursuant to Tax Law § 681 (a), three notices of deficiency upon Scharff. The notices were mailed to Scharff at the Brooklyn address. Scharffs mother had died in 1982 but representatives of her estate continued to maintain the apartment, at least through 1984. The deficiency notices alleged that Scharff owed New York State and New York City income taxes for the years 1980 through 1984 totaling almost $78,000 in unpaid taxes, interest and penalties. The Department contended that Scharff was a resident of the State of New York during the years in question and therefore owed State and local taxes.
On October 24, 1986 Scharff filed a petition with the Department which was treated as a request for a conciliation conference, an informal procedure to resolve disputes between taxpayers and the Department. Scharff contended that he was not a New York resident and that he did not owe the taxes *328 assessed against him. The conciliation proceeding resulted in an order sustaining the three deficiency notices.
In February 1988 Scharff filed a timely petition with the Division of Tax Appeals (the Division) under Tax Law § 170 (3-a) (e) requesting a formal administrative review of the notices of deficiency before an Administrative Law Judge. Such an administrative review is governed by article 40 of the Tax Law and the regulations promulgated thereunder (20 NYCRR part 3000). The Department answered the petition. A hearing was held before an Administrative Law Judge on February 6, 1989 at which testimony was taken. By determination issued on January 11, 1990 the Administrative Law Judge found in favor of taxpayer Richard Scharff. The Judge held that Scharff was not a resident of the State of New York during the years 1980 through 1984 and therefore was not required to pay New York State and New York City income taxes. The Administrative Law Judge included a footnote in his written determination which would later prove to be a focal point in this proceeding. The footnote stated, in pertinent part, that "the amount in issue is approximate because the notices of deficiency were not placed in evidence * * * it is noted that the petitioner did not raise the absence of the notices of deficiency as an issue at hearing.”
The Department filed an exception to the determination of the Administrative Law Judge pursuant to Tax Law § 2006 (7). The notice of exception constituted, inter alla, an appeal to be resolved by the Tax Appeals Tribunal (the Tribunal), a three-member tribunal which governs the operation of the Division of Tax Appeals. The Tribunal, after hearing oral argument, issued a decision on October 4, 1990 in which it dismissed the Department’s exception upon the ground that it lacked jurisdiction to consider the merits of the case. The effect of this ruling was, in essence, to affirm the determination of the Administrative Law Judge granting the taxpayer’s petition vacating the tax assessments.
Before discussing in greater detail the substance of the ruling of the Tribunal, the court will now review the relationship between the Department of Taxation and Finance, the Division of Tax Appeals and the Tax Appeals Tribunal. The New York State Department of Taxation and Finance is headed by the respondent James W. Wetzler, who is the Commissioner of Taxation and Finance (Tax Law § 170 [1]). There are four divisions in the Department: taxation, treasury, lottery and tax appeals (Tax Law § 170 [2]). The Commis *329 sioner is in charge of the Department with the exception of the Division of Tax Appeals (Tax Law § 170 [1], [3], [4]).
The Division of Tax Appeals is governed by article 40 of the Tax Law. Section 2000 of the Tax Law established, effective September 1, 1987, an independent Division of Tax Appeals within the Department of Taxation and Finance which is responsible for providing "the public with a just system of resolving controversies with such department of taxation and finance and to ensure that the elements of due process are present with regard to such resolution of controversies.” The Division of Tax Appeals is operated and administered by the Tax Appeals Tribunal (Tax Law § 2002). The Tribunal consists of three commissioners appointed by the Governor by and with the advice and consent of the Senate (Tax Law § 2004). The Commissioner has no power to appoint or remove personnel of the Division of Tax Appeals or authority with regard to the administration of the Division including its budget.
The Tribunal modified the Administrative Law Judge’s finding of fact "1 (a)” to read as follows: "The Division of Taxation asserts a deficiency against petitioner but did not introduce into evidence the notice of deficiency assertedly issued to taxpayer. The petition filed by petitioner did not have a copy of the notices of deficiency attached to it. Petitioner filled in the blank spaces provided on the petition to indicate the numbers of the notices which were being petitioned. Petitioner attached a copy of the conciliation order being protested to the petition as required by the regulations of the Tribunal (20 NYCRR 3000.3 [b] [8]). The conciliation order sustained the assessments issued by the Division and made reference to the notices of deficiency using the same numbers as indicated on the petition. A hand printed note on the conciliation order states 'This order issued before date of adjourned Conference 12-29-87. Underlying Notices of Assessment were misplaced by petitioner who was hospitalized.’ There is nothing to indicate who wrote the note. Petitioner’s petition was introduced into evidence by the Division (Exhibit #1). Petitioner did not object to the absence of the notices at hearing.”
The Tribunal specifically incorporated into its findings of fact the substance of footnote "2” contained in the Administrative Law Judge’s determination. The Tribunal affirmed the determination of the Administrative Law Judge granting the taxpayer’s petition "solely on the ground that the Division [of Taxation], by failing to introduce the notices of deficiency into *330 evidence, failed to show the existence of a valid assessment”. The Tribunal held that "Since the notice assertedly issued by the Division is not in evidence in this proceeding, we have no basis to determine the validity of the asserted assessment * * * Without proof of a valid notice of deficiency, we can reach no conclusion except that a valid assessment does not exist. Since the failure to issue the notice is jurisdictional in nature and may be raised at any time, by a party, or by the adjudicating body and may not be waived * * * we must find that we lack the jurisdiction to reach the merits of the case.”
The Department and its Commissioner commenced this CPLR article 78 proceeding seeking to void and annul the decision of the Tax Appeals Tribunal upon the ground that the Tribunal acted in excess of its jurisdiction under Tax Law § 2016. The Department contends that the issue of lack of subject matter jurisdiction was not raised by any party before the Administrative Law Judge and therefore, the Tribunal acted outside the scope of its authority in deciding the proceeding on that basis.
The petitioners denominate this proceeding, not as one of certiorari to review the Tribunal’s decision, but rather as one in the nature of prohibition pursuant to CPLR 7803 (2), to prevent the Tribunal from exceeding its statutory authority.
The respondent Tribunal and respondent Scharff have answered the petition. Both respondents have raised, as affirmative defenses, the claim that petitioners are foreclosed as a matter of law from seeking review of the Tribunal’s determination by Tax Law § 2016. Respondent Scharff asserts a counterclaim requesting that the court impose sanctions against petitioners for frivolous conduct under part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR 130-1.1 et seq.), and for an award of attorney’s fees under CPLR 8601, the New York State Equal Access to Justice Act.
Tax Law § 2016 entitled "Judicial review” provides the starting point for the court’s analysis of the legal issue raised. It reads as follows: "A decision of the tax appeals tribunal, which is not subject to any further administrative review, shall finally and irrevocably decide all the issues which were raised in proceedings before the division of tax appeals upon which such decision is based unless, within four months after notice of such decision is served by the tax appeals tribunal upon every party to the proceeding before such tribunal by certified mail or personal service, the petitioner who com *331 menced the proceeding petitions for judicial review in the manner provided by article seventy-eight of the civil practice law and rules, except as otherwise provided in this section. Such service by certified mail shall be complete upon deposit of such notice, enclosed in a post-paid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States postal service. The petitioner shall designate the tax appeals tribunal and the commissioner of taxation and finance as respondents in the proceeding for judicial review. The tax appeals tribunal shall not participate in proceedings for judicial review of its decisions and such proceedings for judicial review shall be commenced in the appellate division of the supreme court, third department. In all other respects the provisions and standards of article seventy-eight of the civil practice law and rules shall apply. The record to be reviewed in such proceedings for judicial review shall include the determination of the administrative law judge, the decision of the tax appeals tribunal, the stenographic transcript of the hearing before the administrative law judge, the transcript of any oral proceedings before the tax appeals tribunal and any exhibit or document submitted into evidence at any proceeding in the division of tax appeals upon which such decision is based.”
Tax Law § 2016 confers the right to seek judicial review of a decision of the Tribunal only upon the petitioner. In this case, respondent Scharff was the petitioner in the proceeding before the Division. The Department concedes that, as the respondent, it would be foreclosed from seeking judicial review had the Tribunal issued a decision sustaining the Administrative Law Judge’s determination on the merits, namely, that Scharff was not a New York resident during the tax years in question. The Department argues that a decision of the Tribunal is final and binding against it only as to "all the issues which were raised in proceedings before the division of tax appeals upon which such decision is based” (Tax Law § 2016). The Department contends that the basis for the Tribunal’s decision, that is, a lack of subject matter jurisdiction caused by the failure to introduce into evidence the notices of deficiency, was not an "issue * * * raised in [the] proceedings before the division of tax appeals” and thus the Department is not barred by Tax Law § 2016 from commencing this proceeding.
Both respondents urge that the issue of subject matter jurisdiction was one properly raised and considered by the *332 Tribunal and that the Department possesses no right to appeal the Tribunal’s decision. The respondents argue that the legislative history resulting in the enactment of article 40 of the Tax Law demonstrates that the Department was intentionally stripped of the right to appeal any decision of the Tribunal.
The threshold issue is whether Tax Law § 2016 bars the Department from commencing this proceeding. For the reasons set forth below, the court holds that the answer is no.
The extraordinary remedy of prohibition lies when an administrative agency exercising quasi-judicial power exceeds its authorized powers in a proceeding over which it has jurisdiction (Matter of Nicholson v State Commn. on Judicial Conduct, 50 NY2d 597, 606).
In this proceeding, the Tribunal in a sua sponte ruling without affording any party notice to be heard, dismissed a tax proceeding upon a ground which clearly had not been raised or litigated. Subject matter jurisdiction can, of course, never be waived and a proceeding may be dismissed by a court sua sponte (Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324; Matter of Eaton Assocs. v Egan, 142 AD2d 330).
In this case, the Tribunal is not a court but an administrative agency entrusted with the responsibility to provide "the public with a just system of resolving controversies with such department of taxation and finance” (Tax Law § 2000). The Tribunal is a creature of statute and must follow its own rules and regulations in carrying out its statutory powers. Section 2006 (5) of the Tax Law expressly empowers the Tribunal to dismiss a proceeding before it based upon a lack of subject matter jurisdiction. The statute reads, in pertinent part, that "[t]he tribunal of its own motion may, upon notice to the parties, issue a decision dismissing the petition on the grounds [that the tribunal lacks jurisdiction of the subject matter of the petition]”. (Tax Law § 2006 [5].) The Tribunal has itself promulgated a regulation which adopts the same procedure (20 NYCRR 3000.5 [a] [1]). The regulations further provide that upon the filing of an exception to a determination of an Administrative Law Judge "[t]he tribunal shall review the record and shall, to the extent necessary or desirable, exercise all the powers which it could have exercised if it had made the determination” (20 NYCRR 3000.11 [e] [1]).
The Tribunal failed to follow the procedures mandated by statute and regulations. Before deciding to dismiss the pro *333 ceeding on its own motion upon the ground of a lack of subject matter jurisdiction, the Tribunal was required to give notice to the parties (Tax Law § 2006 [5]). Notice was not given in this case.
The Tribunal exceeded its statutory power. The petitioners are not barred by Tax Law §2016 from challenging the Tribunal’s decision based upon the claim that the Tribunal exceeded its authority. To conclude otherwise would result in a gross distortion of the concept of fairness required to be afforded to all parties in an administrative proceeding.
The court has reviewed and considered all remaining issues including the counterclaim for sanctions and attorney’s fees, and finds them to be without merit.
The petition is granted without costs and the decision of the Tax Appeals Tribunal dated October 4, 1990 in the proceeding entitled Matter of Scharff is vacated and annulled. The proceeding is remanded to the Tax Appeals Tribunal for proceedings not inconsistent herewith.