## ANGLO-AMERICAN PROVISION CO. v. DAVIS PROVISION CO. No. 1.

ERROR TO THE COURT OF APPEALS OF THE STATE OF NEW YORK.

No. 64. Argued November 6, 9, 1903.—Decided November 30, 1903.

Consistently with Article IV, § 1, of the Constitution of the United States a State may deny jurisdiction to the courts of the State over suits by a corporation of another State against a corporation of another State on a foreign judgment.

THE facts are stated in the opinion of the court.

*Mr. Henry Wilson Bridges* for plaintiff in error.

*Mr. Frank E. Smith* for defendant in error. *Mr. Thomas F. Conway* was on the brief.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error to the Court of Appeals of New York. The parties are both Illinois corporations, and the plaintiff in error brought suit in the New York Supreme Court upon an Illinois judgment. By the New York Code of Civil Procedure, § 1780, it is provided that "an action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only: . . . 3. Where the cause of action arose within the State, &c." The other cases are immaterial. The complaint does not allege that the original cause of action arose within the State, if that would make any difference in the result. The complaint was dismissed by the Supreme Court on a demurrer setting up the above section, and the judgment was affirmed by the Appellate Division and by the Court of Appeals. 169 N. Y. 506. It was argued below that, under article IV, section 1, of the Consti-

tution of the United States, the State could not thus exclude foreign corporations from suing upon judgments obtained in another State, because to do so was to deny full faith and credit to those judgments. The decision to the contrary is the error assigned.

The state court decides that the cause of action did not arise within the State in the sense of the words of the code, and, of course, we follow its construction, subject to the inquiry whether the statute as construed is consistent with the Constitution of the United States. See *Northern Central Railway Co.* v. *Maryland,* 187 U. S. 258, 267. The court also decides that the language quoted goes to the jurisdiction of the court.

We are of opinion that the section of the code as construed is not unconstitutional. The precise point has not been decided by this court, but it has been laid down in cases which raise greater difficulties than the present, that this provision of the Constitution establishes a rule of evidence rather than of jurisdiction. *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S. 265, 291; *Andrews* v. *Andrews,* 188 U. S. 14, 36. The Constitution does not require the State of New York to give jurisdiction to the Supreme Court against its will. If the plaintiff can find a court into which it has a right to come, then the effect of the judgment is fixed by the Constitution and the act in pursuance of it which Congress has passed. Rev. Stat. § 905. But the Constitution does not require the State to provide such a court. See *Missouri* v. *Lewis,* 101 U. S. 22, 30. If the State does provide a court to which its own citizens may resort in a certain class of cases, it may be that citizens of other States of the Union also would have a right to resort to it in cases of the same class. *Blake* v. *McClung,* 172 U. S. 239, 256. But that right, even when the suit was upon a judgment of another State, would not rest on the first section of article IV, on which alone the plaintiff relies or can rely, but would depend on the second section, entitling the citizens of each State to all privileges and immunities of citizens in the several States. The plaintiff is not a citizen within this section; *Paul* v. *Virginia,*

8 Wall. 168; *Waters-Pierce Oil Co.* v. *Texas,* 177 U. S. 28, 45, and did not set it up.   The general power of a State to restrict the right of a foreign corporation to sue in its courts is assumed in *Bank of Augusta* v. *Earle,* 13 Pet. 519, 589–591.   As to discrimination against non-residents, see *Chemung Canal Bank* v. *Lowery,* 93 U. S. 72.

The plaintiff lays great stress upon *Christmas* v. *Russell,* 5 Wall. 290.   In that case suit was brought in Mississippi on a Kentucky judgment against a citizen of Mississippi upon a promissory note made in Mississippi and payable in New Orleans.   A suit upon the note would have been barred by the Mississippi statute of limitations when the suit in Kentucky was begun, and the defendant set up a statute of Mississippi providing that no action should be maintained upon a judgment rendered in such circumstances without the State against a resident of the State.   It was held that the statute was void, and that as the judgment was valid in Kentucky it could not be treated as invalid in Mississippi.   It will be observed that this was a suit by a citizen.   There was no suggestion that the statute went to the jurisdiction of the court.    Obviously it did not. Indeed, the suit was brought in the United States Circuit Court. The statute made no discrimination in the right to come into court, according to the character of the plaintiff or of the cause of action, but attempted to create a defense against a plaintiff assumed to have a right to come into court and to invoke the jurisdiction.   But when the plaintiff was in court and exhibited his judgment, it was too late for the State to interfere. In the case at bar the plaintiff had no right to come into the New York Supreme Court.

What, if any, limits there may be to state restrictions upon the jurisdiction of state courts, when such restrictions do not encounter article IV, section 2, of the Constitution, it is unnecessary to discuss.   But we think it too plain for further argument that the New York restriction upon suits by foreign corporations against foreign corporations is not affected by either section 1 or section 2 of article IV.   It will be time

enough to consider the suggestion that the law is an interference with interstate commerce, within *Cooper Manuf. Co.* v. *Ferguson*, 113 U. S. 727, 734, when the record presents it. The question is one of degree, and it is obvious that the supposed interference is very remote. See *Diamond Glue Co.* v. *United States Glue Co.*, 187 U. S. 611, 616.

*Judgment affirmed.*