JOHNSON v. VICTORIA CHIEF COPPER MINING & SMELTING·CO. et al.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

1. COURTS (§ 14*)—JURISDICTION—NONRESIDENTS AND FOREIGN CORPORATIONS.
. Code Civ. Proc. § 1780, provides that an action against a foreign corporation may be maintained by a nonresident in one of the following cases only, to wit: For damages for breach of contract made within the state, or relating to property within the state; to recover realty within the state or a chattel replevied within the state; or where the cause of action arose within the state, except where its object is to affect title to realty without the state. *Held*, that plaintiff, a nonresident, could not sue a foreign corporation and others for an accounting of a partnership existing between plaintiff and defendants in the development of mining claims in New Mexico, the cause of action not being within the statute, and the fact that the moneys of the corporation are on deposit in New York City would not give the New York courts jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. § 14.*]

2. CONSTITUTIONAL LAW (§ 249*)—DISCRIMINATION AGAINST CITIZENS.
The statute does not violate the federal Constitution, making no discrimination between citizens of various states, but only between residents and nonresidents.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 710; Dec. Dig. § 249.*]

3. QUIETING TITLE (§ 52*) — PROPERTY AFFECTED — TITLE FROM COMMON SOURCE.
A judgment quieting title to a part of property in effect quieted title to the whole of it, where all of it had a common source of title, and the validity of its acquisition depended on the existence of the same facts.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 99, 102, 103; Dec. Dig. § 52.*]

4. UNITED STATES (§ 127*)—ACTION—JURISDICTION.
The courts of New Mexico had jurisdiction of an action to quiet title to mining land situated in that state, having power to determine between conflicting claimants thereto, though they did not have power to adjudicate as between claimants and the paramount rights of the United States.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 116; Dec. Dig. § 127.*]

Appeal from Special Term, New York County.

Action by William L. Johnson against the Victoria Chief Copper Mining & Smelting Company, impleaded with others. From a judgment dismissing the complaint (65 Misc. Rep. 332, 119 N. Y. Supp. 639), plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Charles A. Boston, of New York City, for appellant.

M. E. Harby, of New York City, for respondents.

DOWLING, J. Plaintiff appeals from a judgment in favor of the defendant company dismissing the complaint herein upon the merits after the trial, in advance of the others, of five certain issues involving the question of the jurisdiction of the court and of the validity of

a certain judgment of the courts of the territory of New Mexico as a bar to this action.

The complaint sets forth a cause of action for an accounting and for other relief, based on the existence of a partnership between plaintiff and the defendants Hopper and Bigelow in the development of certain mines or mining claims in New Mexico, in which properties interests are alleged to have been acquired by other defendants with knowledge of the rights of the plaintiff.. The plaintiff is a resident of the state of Kentucky. The company was incorporated under the laws of the territory of Arizona. The property in question was located in the territory of New Mexico.

[1] Under these conditions, the provisions of section 1780 of the Code of Civil Procedure are applicable, for the cause of action in question does not come within any one of the classes of cases in which a nonresident may maintain an action against a foreign corporation in the courts of this state.

[2] In Robinson v. Oceanic Steam Navigation Company, 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636, this section was held not to violate the provisions of the Constitution of the United States, for the reason that it made no discrimination between citizens of various states, but only between residents and nonresidents. It is true that there are indications in the opinion in Anglo-American Provision Company v. Davis Provision Company, 191 U. S. 373, 24 Sup. Ct. 92, 48 L. Ed. 225, that there may have been doubts in the minds of that court as to the constitutionality of section 1780 in so far as it applied to citizens, as violative of the second section of article 4 of the Constitution of the United States, for the court said:

"If the state does provide a court to which its own citizens may resort in a certain class of cases, it may be that citizens of other states of the Union would have a right to resort to it in cases of the same class."

But the decision went no further than to hold that section 1780 did not violate the provisions of the first section of article 4 of the Constitution, and we feel bound to follow the decision of the Court of Appeals in the Robinson Case. Nor does the fact that moneys of the company are alleged to have been on deposit in the city of New York confer jurisdiction, nor is relief prayed for against that particular fund.

Furthermore, the judgment quieting title to its mining claims recovered by the company against plaintiff in the District Court of the territory of New Mexico, Third judicial district, Socorro county, is a bar to the prosecution of this action.

[3] All the property of the company had a common source of title, and the validity of its acquisition depended on the existence or nonexistence of the same facts, wherefore a judgment quieting title to a portion of the property quiets title to the whole of it. Southern Pacific Railroad Co. v. United States, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355.

[4] The courts of New Mexico had jurisdiction of the subject-matter of the action, for they had the power to determine between conflicting claimants to mining claims, and their power only ceases when

they undertake to adjudicate as between claimants and the paramount rights of the United States. St. Louis Smelting Co. v. Kemp, 104 U. S. 636, 26 L. Ed. 875; Wolverton v. Nichols, 119 U. S. 485, 7 Sup. Ct. 289, 30 L. Ed. 474. The cases to which we have been referred uniformly hold to this effect, and it is apparent as well therefrom that, while unpatented mining claims are subject to the superior rights of the United States, as between rival claimants thereto they are regarded as property over which the jurisdiction of the state or territorial courts extended equally with patented claims.

The judgment appealed from is therefore affirmed, with costs to the respondent. All concur.