the landlord was relieved of the trouble and expense of obtaining a new tenant. It might well be that the landlord would be willing to pay a commission for the term of seven years, if the tenant would exercise the option, and it was for the broker then to procure the tenants to take such option. The tenant, however, refused to exercise the option, and the right to an extended term of the lease expired and was at an end. The parties were then at liberty to make a new lease or to make whatever disposition of the property their interests required. The defendant then entered into negotiations with various parties to lease the property. On the trial the defendant attempted to prove that the tenant refused to exercise the option, what negotiations he had with the tenant as to the exercise of the option four months before the expiration of the lease, and the negotiations with the old tenant that subsequently resulted in the execution of a new lease prior to May 1, 1911. This testimony was all excluded by the court and the defendant excepted. All that was proved was that on April 5, 1911, the defendant made an entirely new lease with the old tenant, on somewhat different terms, and without an option to renew the lease for a term of seven years at the end of the term then demised. I think it was error to refuse to allow the defendant to prove the circumstances under which the new lease was obtained. If the new lease was not the result of any services performed by the plaintiff and for which the plaintiff should be entitled to recover a commission, plaintiff cannot recover. The new lease itself showed that it was executed, not as the result of the exercise of the option by the tenant, but of an entirely new letting, upon different terms; and it was not therefore the result of any of the plaintiff's efforts to procure a tenant that the new lease was executed.

Therefore I think this judgment cannot be sustained, and the determination of the Appellate Term and of the Municipal Court should be reversed, and a new trial ordered, with costs in this court and in the Appellate Term to the appellant to abide the event.

CLARKE and SCOTT, JJ., concur.  DOWLING and HOTCH-KISS, JJ., dissent.

---

ENGLISH v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

1. DEATH (§ 48*)—ACTIONS FOR CAUSING DEATH—PLEADING—STATUTE GIVING RIGHT OF ACTION.

In an action brought in New York by a mother, as foreign administratrix, for the wrongful death of her son occurring in Connecticut, the complaint was fatally defective for not pleading a statute of Connecticut conferring such right of action upon plaintiff.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 173; Dec. Dig. § 48.*]

2. COURTS (§ 14*)—FOREIGN CORPORATIONS—ACTIONS AGAINST—JURISDICTION.

Under Code Civ. Proc. § 1780, prescribing the actions which a nonresident may maintain against a foreign corporation, a nonresident admin-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

istrator could not maintain an action against a foreign corporation for wrongful death occurring in another state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. § 14.*]

3. COURTS (§ 14*)—FOREIGN CORPORATIONS—ACTIONS AGAINST—JURISDICTION.
Where a railroad employé, a resident of Connecticut, was killed in that state, and the railroad was a Connecticut corporation, though doing business in New York, the action should have been brought in Connecticut, and the courts of New York should not entertain jurisdiction of such an action since, though having jurisdiction, as foreign corporations are treated as domestic for the purpose of suing and being sued, the court is not obliged to exercise such jurisdiction and should do so only in case of a resident plaintiff.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. § 14.*]

Appeal from Trial Term, New York County.

Action by Celia E. English, as administratrix of James S. English, deceased, against the New York, New Haven & Hartford Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Francis P. Burns, of New York City, for appellant.
John M. Gibbons, of New York City, for respondent.

LAUGHLIN, J. After the plaintiff introduced her evidence and rested her case, counsel for defendant moved to dismiss the complaint on the ground that the plaintiff had failed to make out a cause of action "by proving any negligence on the part of this defendant." The court reserved decision on the motion and took a recess. On reconvening the court announced that the complaint would be dismissed on the ground that the court was without jurisdiction; and the formal order and judgment followed.

This action is brought to recover damages alleged to have been sustained by the next of kin of one James S. English, who, on the 13th day of April, 1907, was in the employ of the defendant as a brakeman, and according to the allegations of the complaint, solely through the negligence of the defendant on that day received injuries while engaged in the performance of his duty on a train passing through Meriden, Conn., which resulted in his death.

The only facts alleged upon which it is claimed the cause of action is vested in the plaintiff is her appointment as administratrix by the probate court of the district of Hartford, Conn., on the 27th day of October, 1907. The complaint does not show where the decedent resided; but the plaintiff testified that she was the mother of the decedent and that he resided with her in Hartford, Conn., where she still resides, and that he met with the accident, from which he died, in that state. On these facts appearing and before the close of the evidence, counsel for defendant objected to the taking of further evidence on the ground that the court was without jurisdiction. The court thereupon intimated that the action should have been brought in Connecticut, but continued

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

with the trial with a view to affording the plaintiff an opportunity to endeavor to extricate herself by obtaining ancillary letters if so advised.

[1] The complaint was fatally defective in not alleging a statute of the state of Connecticut authorizing the action (Zeikus v. Florida East Coast Ry. Co., 144 App. Div. 91, 128 N. Y. Supp. 933); and neither was the complaint amended, nor was any evidence offered showing that the state of Connecticut had conferred a right of action in such case. The dismissal of the complaint might well be sustained on that ground alone; but, since the point was neither raised on the trial now presented here, we shall discuss the point on which the dismissal was predicated by the trial court.

[2, 3] Counsel for the plaintiff contended upon the trial, and argues here, that the court had jurisdiction on the ground that, although the defendant is a foreign corporation, it was alleged in the complaint and not denied by the answer that the defendant's railroad extends into the state of New York, and that it owns and operates a railroad, in part, in this state. If those facts give the courts of this state jurisdiction, it is only upon the theory that, in such circumstances, for the purpose of suing and being sued, the foreign corporation will be deemed a domestic corporation; but even on that theory it should have been, but is not, alleged that the defendant is for the purposes among others of suing and being sued a domestic corporation. If the defendant is to be deemed, as alleged in the complaint, a foreign corporation, then by virtue of the provisions of section 1780 of the Code of Civil Procedure as it existed in October, 1908, when this action was commenced, the courts of this state are without jurisdiction, for the action is neither brought to recover damages for breach of a contract made within this state, nor is it one relating to property situated here or to the title to real property without the state, and the cause of action did not arise here.

There is authority for the contention that this defendant will be deemed a domestic corporation for the purpose of suing and being sued, and, although that question may not be said to have been authoritatively decided in favor of jurisdiction, I think the weight of authority tends to sustain the jurisdiction. In Phelps v. N. Y., N. H. & H. R. R. Co., 17 App. Div. 392, 45 N. Y. Supp. 178, it was stated in the majority opinion of this court in discussing this question and referring to this defendant as follows:

"So far as its capacity to sue and to be sued in the courts of this state is concerned, it is to be regarded as a corporation of this state."

In that case Justice Ingraham concurred in the decision solely upon that ground. It had been previously held in N. Y., N. H. & H. R. R. Co. v. Welsh, 143 N. Y. 411, 38 N. E. 378, 42 Am. St. Rep. 734, that, the defendant company having been authorized by statute to extend its lines into this state, had the same authority as a domestic railroad corporaion to acquire necessary lands by condemnation. In extension of this doctrine it has been frequently held that a foreign corporation, like a domestic corporation, is, for the purpose of determining the place of trial of an action against it, deemed a resident of every .county through which it operates its road. Polley v. Lehigh Valley R. Co., 138 App. Div. 636, 122 N. Y. Supp. 708, affirmed 200 N. Y.

585, 94 N. E. 1098; Poland v. U. S. Traction Co., 88 App. Div. 281, 85 N. Y. Supp. 7, affirmed 177 N. Y. 557, 69 N. E. 1129. It appears by the opinions of this court and of the Court of Appeals in Hoes v. N. Y., N. H. & H. R. R. Co., 73 App. Div. 363, 77 N. Y. Supp. 117, and Id., 173 N. Y. 435, 66 N. E. 119, that this defendant was deemed to be a foreign corporation; but that question was not presented for decision, and no reference was made to the earlier authorities herein cited. The question presented for decision in the Hoes Case was with respect to the power of the surrogate to appoint an administrator here. The case of Ziemer v. Crucible Steel Co., 99 App. Div. 169, 90 N. Y. Supp. 962, likewise hinged on the same question.

I am of opinion, therefore, that by service on the secretary of the defendant within this state jurisdiction over the defendant was acquired. Grant v. Cananea Con. Copper Co., 189 N. Y. 241, 82 N. E. 191. The jurisdiction, however, over a foreign corporation based on the fact that it has been permitted to acquire and operate part of a line of railroad in this state in the absence of more explicit legislation should only be exercised in favor of a resident plaintiff. The plaintiff failed to allege or to prove a single fact tending to show the propriety of bringing the action in this state. The accident occurred in a sister state where the decedent and the plaintiff both reside and where the defendant was incorporated. Manifestly, the issues should be tried in Connecticut where the cause of action arose; and, although the courts of this state have jurisdiction, they are not obliged to exercise it in such circumstances. Collard v. Beach, 81 App. Div. 582, 81 N. Y. Supp. 619; Hoes v. N. Y., N. H. & N. R. R. Co., supra, 73 App. Div. at page 369, 77 N. Y. Supp. 117; Zeikus v. Florida East Coast Ry. Co., supra; Ziemer v. Crucible Steel Co., supra; Robinson v. Oceanic S. Nav. Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636. The case of Zeikus v. Florida East Coast Ry. Co., supra, was distinguished in Zeikus v. Florida East Coast Ry. Co., 153 App. Div. 345, 138 N. Y. Supp. 478; but in that case the decedent was a resident of this state and the administrator was appointed here.

It follows that the judgment and order should be affirmed, with costs.

INGRAHAM, P. J., and McLAUGHLIN and SCOTT, JJ., concur. HOTCHKISS, J., concurs in result.