FAIRCLOUGH v. SOUTHERN PAC. CO. et al.

(Supreme Court, Special Term, New York County. October 27, 1915.)

1. COURTS �kö^91—PRECEDENTS—DECISIONS OF HIGHER COURTS.

Until the Supreme Court of the United States definitely passes upon the constitutionality of a New York statute, the decisions of the New York appellate courts that such statute is constitutional are binding on the lower courts, though decisions of the Supreme Court as to statutes of other states raise serious doubt as to whether it would not hold the New York statute unconstitutional.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325, 326; Dec. Dig. ⊛91.]

2. COURTS ⊛14—JURISDICTION—STATUTORY PROVISIONS.

Prior to 1913, Code Civ. Proc. § 1780, authorized actions against a foreign corporation by a nonresident in those cases only where the action was brought for breach of a contract made within the state, or relating

to property within the state, to recover real property in the state, or a chattel replevied within the state, or where the cause of action arose within the state. In 1913 it was amended to authorize such an action where the foreign corporation is doing business within the state. *Held*, that the amendment is retroactive, and applies to causes of action already in existence at the time of its enactment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. ☞14.]

3. COURTS ☞14—JURISDICTION—STATUTORY PROVISIONS.

Where, in an action commenced before the amendment of Code Civ. Proc. § 1780, by a nonresident against a foreign corporation, for personal injuries sustained in Texas, defendants had appeared and answered, joined in interrogatories, and were asking the court to take affirmative action by a motion to dismiss for want of jurisdiction, the court had jurisdiction to entertain and try the action; it not being denied that defendants were doing business in the state, since, though the court, prior to the amendment had no power to make orders or issue process, and defendants were therefore not in court through any process issued by the court, and their consent could not give validity to anything done by the court without authority, they were in court submitting themselves to its jurisdiction, and it therefore had jurisdiction both of the cause of action and of the persons of defendants.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 39; Dec. Dig. ☞14.]

Action by one Fairclough against the Southern Pacific Company and others. On motion to dismiss. Motion denied.

Reeves, Todd & Swain, of New York City (Eli J. Blair, of New York City, of counsel), for plaintiff.

Esselstyn & Haughwout, of New York City, for defendant Southern Pac. Co.

J. Ard Haughwout, of New York City, for defendant Galveston, H. & S. A. Ry. Co.

Everett J. Esselstyn, of New York City, for defendants Morgan's Louisiana & T. R. & S. S. Co., Southern Pac. R. Co., and Louisiana Western R. Co.

Alexander & Green, of New York City, for defendant Pullman Co.

LEHMAN, J. The plaintiff, a nonresident, brought an action in December, 1907, against these defendants, who are foreign corporations, for the death of her husband in a railway accident in the state of Texas. The defendants have answered, and since October, 1910, the case has been at issue and on the calendar of the court. Various commissions to take testimony of witnesses have been issued on behalf of the plaintiff, and the defendants have submitted their cross-interrogatories. The defendants now move this court to dismiss the action "upon the ground that said court has no jurisdiction to entertain or try said action."

[1] During the time that the defendants were apparently silently acquiescing in the jurisdiction of this court the limitations imposed by the statute of the state of Texas, under which this action is brought, has run, and if the defendants' motion is granted the plaintiff can no longer bring the action elsewhere. By reason of all the circumstances

of the case I think that the court should assume jurisdiction if the jurisdiction given by statute extends over the present cause of action. In the case of Robinson v. Oceanic Steam Navigation Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636, the Court of Appeals decided that the courts of this state were, by virtue of the provisions of section 1780 of the Code, absolutely without jurisdiction, and the court also expressly decided that this section of the Code was constitutional. The plaintiff, however, urges that since that time the Supreme Court of the United States has placed its interpretation upon similar statutes in other states and has held them unconstitutional. See especially Chambers v. Baltimore & Ohio R. R., 207 U. S. 142, 28 Sup. Ct. 34, 52 L. Ed. 143; also Anglo-American Provision Co. v. Davis Provision Co., No. 1, 191 U. S. 373, 24 Sup. Ct. 92, 48 L. Ed. 225. Though these cases raise serious doubt as to whether the Supreme Court would not hold our statute unconstitutional if the question were directly presented to it, yet until the Supreme Court has definitely passed upon this question the decisions of the appellate courts of this state are binding. As late as July, 1915, the Appellate Division of this department has stated:

"So far as this court is concerned, that question was set at rest by Johnson v. Victoria Chief Copper Mining, etc., Co., 150 App. Div. 653 [135 N. Y. Supp. 1070]."

See Grant v. Greene Consolidated Copper Co. et al., 154 N. Y. Supp. 596.

[2, 3] The defendants have consequently established that at the time the action was commenced the court was without any jurisdiction. In 1913, however, the Legislature amended section 1780 of the Code to provide that an action against a foreign corporation may be maintained by a nonresident "where a foreign corporation is doing business within this state" (Laws 1913, c. 60), and the defendants have not denied that they are doing business here. The serious question involved in this motion is whether this amendment to the Code may be given such a retroactive effect as to confer jurisdiction upon the court over an action begun before this amendment. The defendants urge that the courts will never so construe a statute as to give it a retroactive effect unless the Legislature clearly so intended. They also urge that the Appellate Divisions of both the Second and First Departments have in the cases of Bennett v. Austro-Americana Steamship Co., 161 App. Div. 753, 147 N. Y. Supp. 193, and English v. N. Y., N. H. & H. R. R., 161 App. Div. 831, 146 N. Y. Supp. 963, held that the statute had no such effect. A careful reading, however, of these cases shows that in both cases the judgments under consideration were actually entered before the Code section was amended, and consequently the amendment could clearly not have affected them. In the last case in which the Appellate Division considered this question (Grant v. Greene Consolidated Co., supra) the court expressly made this distinction, stating:

"Had the amendment become effective before judgment, the situation would present an entirely different question from the one before us; but, inasmuch as judgment had been entered before the amendment took effect, there can

155 NEW YORK SUPPLEMENT (Sup. Ct.

be no doubt that the amendment could not overturn the judgment and validate proceedings of which prior to that time the court had no jurisdiction."

The actual question presented upon this motion has apparently not yet been passed upon by any court. The question whether the courts should give a statute retroactive effect or not depends mainly upon the determination of whether the statute affects only procedure to enforce rights or confers new rights and obligations. In Southwick v. Southwick, 49 N. Y. 510, 517, the court said:

"It cannot be successfully contended, as a general rule, that an act which applies only to the forms of procedure, and modes for attaining or defending rights cannot be availed of in an action pending when it took effect."

This language was quoted with approval in the case of Peace v. Wilson, 186 N. Y. 403, 79 N. E. 329. In that case the plaintiffs brought an action in September, 1901, on a judgment recovered on November 23, 1881, in the Marine Court. The plaintiffs' right of action upon the judgment was governed by section 1913 of the Code. Prior to 1896,

"the section provided that no action could be maintained upon a judgment for a sum of money between the same parties unless either (1) it was rendered against the defendant by default for want of an appearance or pleading and the summons was served upon him otherwise than personally, or (2) the court in which the action is brought had previously made an order granting leave to bring it."

The Laws of 1896 (chapter 568) amended section 1913 by inserting the additional provision that "ten years have elapsed since the docketing of such judgment." The court there held that this amendment was retroactive and applicable to actions upon judgments obtained before the amendment went into effect. I can see no logical distinction between the amendment made in 1896 to section 1913 of the Code and the amendment made in 1913 to section 1780 of the Code. Both sections of the Code limited the jurisdiction of the courts to adjudicate upon certain causes of action, and both amendments reduced this limitation. In neither case did the amendment serve to confer a new cause of action, or change or modify an existing cause of action. In both cases the amendment merely gave the owner of the cause of action access to the courts of the state to enforce an existent claim. In fact, in the section now under consideration the Legislature has merely removed a limitation upon the enforcement of a cause of action which was applicable only to nonresident suitors and placed them more nearly in the position of resident suitors. In this respect the amendment is more evidently one affecting procedure alone than an amendment which removes a general limitation upon the bringing of an action, and therefore in a sense creates a new right of action if not a new cause of action. It follows, I think, that the amendment of 1913 is retroactive and applies to causes of action already in existence.

There remains, then, only the question of whether it applies also to actions which have been begun before the amendment. Obviously, up to the time when the amendment went into effect, the court had no jurisdiction of any kind and anything done by the court was void. The mere consent of the parties could not serve to give validity to anything

done by the court without authority. The defendants are consequently not in court through any process issued by the court, for the court had no power to make orders or issue process in this action. They have, however, appeared and answered, joined in interrogatories, and upon this motion they are asking the court to take affirmative action. So far as the court has jurisdiction they are therefore in court and submitting themselves to its jurisdiction. The court at the present time has consequently jurisdiction of the cause of action and jurisdiction of their persons.

The court, therefore, has jurisdiction to entertain and try this action, and defendants' motion should be denied, with $10 costs.