## FAIRCLOUGH v. SOUTHERN PAC. CO. et al.

(Supreme Court, Appellate Division, First Department.   March 3, 1916.)

1. COURTS ⊙⟺14—JURISDICTION—NONRESIDENTS—STATUTORY PROVISIONS—
ACTION AGAINST FOREIGN CORPORATION.
     Under Code Civ. Proc. § 1780, providing that an action against a for-
eign corporation may be maintained by a nonresident only when brought
to recover damages for breach of a contract, etc., to recover realty situ-
ated within the state, or when the cause of action arose within the state,
etc., the courts of the state had no jurisdiction of an action for the wrong-
ful death of a resident of New Jersey in a railroad accident in the state
of Texas, brought by his widow, residing in New Jersey, individually and
as executrix, and under ancillary letters testamentary issued in this
state, against foreign corporations.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. § 39;  Dec. Dig.
⊙⟺14.]

2. DISMISSAL AND NONSUIT ⊙⟺48—OBJECTION TO JURISDICTION—TIME.
     The fact that a motion to dismiss an action, because not within the
court's jurisdiction, was not made until several witnesses had been ex-
amined by commission and the case was about ready for trial, was im-
material, since objection to the jurisdiction of the court may be taken at
any time.
     [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 96;
Dec. Dig. ⊙⟺48.]

3. COURTS ⊙⟺91(1)—PRECEDENTS—DECISIONS OF HIGHER COURTS.
     Until the decisions of the Court of Appeals, upholding the constitution-
ality of Code Civ. Proc. § 1780, prescribing when foreign corporations may
be sued, are overruled either by the Supreme Court of the United States
or by the Court of Appeals, the Appellate Division is bound to follow
them.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 313, 325;  Dec.
Dig. ⊙⟺91(1).]

4. COURTS ⊙⟺14—JURISDICTION—STATUTE—RETROACTIVE EFFECT.
     Laws 1913, c. 60, effective September 1, 1913, amending Code Civ. Proc.
§ 1780, so as to permit a nonresident or foreign corporation to maintain
an action against a foreign corporation,' where a foreign corporation is
doing business in the state, was not retroactive, so as to confer jurisdic-
tion of an action of which the court had no jurisdiction when commenced.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. § 39;  Dec. Dig.
⊙⟺14.]

5. STATUTES ⊙⟺263—RETROACTIVE EFFECT.
     The general rule is that, if reasonably possible, a statute is not to be
construed, so as to give it a retroactive effect, as it is to be presumed that
the Legislature enacting it thereby intended to furnish a rule for future
action.
     [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 344, 349;  Dec.
Dig. ⊙⟺263.]

6. DEATH ⊙⟺8—WHAT LAW GOVERNS—WRONGFUL DEATH.
     The statutory action for wrongful death is governed by the limitation
statutes of the state in which the accident occurred.
     [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 12, 36, 52, 121,
133;  Dec. Dig. ⊙⟺8.]

7. LIMITATION OF ACTIONS ⊙⟺120—COMMENCEMENT OF ACTION—WANT OF JU-
RISDICTION.
     Though an action was commenced in this state before it was barred by
limitations, in a court which had no jurisdiction of the defendant for-

⊙⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

eign corporation, it was not brought within the court's jurisdiction by Laws 1913, c. 60, effective September 1, 1913, amending Code Civ. Proc. § 1780, prescribing when foreign corporations may be sued, so as to avoid the bar which existed at that date.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 536; Dec. Dig. ☞120.]

8. LIMITATION OF ACTIONS ☞120—SUSPENSION—COMMENCEMENT OF ACTION.
Where the court had no jurisdiction, the act of defendant in pleading to the merits and allowing the cause to be preferred for trial before moving to dismiss did not prevent the running of the statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 536; Dec. Dig. ☞120.]

Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by Martha T. Fairclough, individually and as executrix, etc., against the Southern Pacific Company and others. From an order (155 N. Y. Supp. 899) denying a motion to dismiss the action on the ground that the court had no jurisdiction, the defendants appeal. Order reversed, and motion granted.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Esselstyn & Haughwout, of New York City (J. Ard Haughwout, of New York City, of counsel), for appellants.

Reeves, Todd & Swain, of New York City (Eli J. Blair, of New York City, of counsel), for respondent.

McLAUGHLIN, J. Action to recover damages for personal injuries resulting in death. The decedent, a resident of the state of New Jersey, was killed in a railroad accident in the state of Texas in December, 1906. He left a will, which was probated in the state of New Jersey, and letters testamentary issued to the plaintiff, his widow. Ancillary letters were, in December, 1907, issued to her by the Surrogate's Court of the County of New York, and she thereupon brought this action. The defendants are all foreign corporations. The cause of action arose outside of the state of New York, and the plaintiff was, at the time the action was commenced, and ever since has been, a resident of the state of New Jersey. The case, therefore, falls directly within the rule laid down in Robinson v. Oceanic Steam Navigation Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636, in which it was stated that the courts of this state have no jurisdiction of such an action. In December, 1915, the defendants moved to dismiss the action upon that ground, and from an order denying the motion the present appeal is taken.

[1, 2] The motion to dismiss was not made until after several witnesses had been examined by commission and the case was about ready for trial. That fact, however, is immaterial, since objection to the jurisdiction of the court may be taken at any time. Robinson v. Oceanic Steam Navigation Co., supra. The motion, therefore, should have been granted, unless the amendment of 1913 to section 1780 of the Code of Civil Procedure regulating the commencement of actions

against a foreign corporation renders the decision to which reference has just been made inapplicable. The court below, as appears from the opinion delivered, denied the motion upon the ground that the court now has jurisdiction by virtue of this amendment.

[3] The respondent urges, with much force, that under decisions made subsequent to the decision in Robinson v. Oceanic Steam Navigation Co., supra, by the Supreme Court of the United States (Chambers v. Baltimore & Ohio R. R. Co., 207 U. S. 142, 28 Sup. Ct. 34, 52 L. Ed. 143), section 1780 is unconstitutional, because it discriminates between residents and nonresidents. The constitutional question was raised in both Robinson v. Oceanic Steam Navigation Co. and Grant v. Cananea Con. Copper Co., 189 N. Y. 241, 82 N. E. 191, and both cases expressly declared that section 1780 did not violate any constitutional provision. Until these decisions, therefore, have been overruled, either by the Court of Appeals or by the Supreme Court of the United States, we are bound to follow them, and must hold in the present case that the court had no jurisdiction of the action prior to the amendment of 1913. Johnson v. Victoria Chief Copper Mining & S. Co., 150 App. Div. 653, 135 N. Y. Supp. 1070; Grant v. Greene Con. Copper Co., 169 App. Div. 206, 154 N. Y. Supp. 596.

[4, 5] By chapter 60 of the Laws of 1913, which went into effect on the 1st of September of that year, section 1780 was amended, so as to permit à nonresident or foreign corporation to maintain an action against a foreign corporation: "4. Where a foreign corporation is doing business within this state." It appears from the moving papers that all the defendants were, at the time the accident occurred, and now are, doing business in the state of New York, and it is strenuously urged that by virtue of the amendment of 1913 the court now has jurisdiction of the action. But it is suggested, and with much force, by the appellants, that the amendment of 1913 is unconstitutional, since it permits an action to be maintained against a foreign corporation which happens to be doing business in the state of New York upon a cause of action which arose outside of it and not connected in any way with the business there done. Simon v. Southern Ry., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492. The Appellate Division of the Second Department, relying on the Simon Case, has recently held, as I read the opinion, that notwithstanding the decision of the Court of Appeals in Grant v. Greene Con. Copper Co., supra, an action cannot be maintained under such circumstances. Bagdon v. Philadelphia & Reading Coal & Iron Co. (Sup.) 156 N. Y. Supp. 647.

The conclusion at which I have arrived renders it unnecessary to pass upon the contention thus made. I am of the opinion that the amendment did not have a retroactive effect, so as to confer jurisdiction upon the court of an action of which it did not have jurisdiction when the same was commenced. The general rule is that a statute is not to be construed, if reasonably possible, so as to give it a retroactive effect. Matter of Andersen, 91 App. Div. 563, 87 N. Y. Supp. 24. This rule is based upon the presumption that when the statute was passed the Legislature intended thereby to furnish a rule for future action to be applied to questions arising subsequent to its enact-

ment. Dash v. Van Kleeck, 7 Johns. 499, 5 Am. Dec. 291; Berley v. Rampacher, 5 Duer, 183; Palmer v. Conly, 4 Denio, 376. In Dash v. Van Kleeck, supra, the court said:

"We are to presume, out of respect to the lawgiver, that the statute was not meant to operate retrospectively, [and] that a statute ought never to receive such a construction, if it be susceptible of any other."

This court has recently held that this statute was not applicable to a judgment entered before the amendment took effect (Grant v. Greene Con. Copper Co., supra), and I am unable to see why the same rule should not be applied to an action commenced prior to that time.

[6, 7] The most that can be said, as it seems to me, is that the plaintiff became entitled to maintain the action, if at all, on September 1, 1913, when the amendment to the section of the Code referred to went into effect. But on that date the action was barred by the Texas statute, which, like our own, required such an action to be brought within two years after the death of the decedent. The action is a statutory one, and the plaintiff's rights are controlled by the Texas statutes, the state in which the accident occurred. In December, 1908, the plaintiff's right of action became barred by the statutes of that state, and, although she had then commenced the present action, the court, as we have already seen, then had no jurisdiction of it, and the defendants were entitled to have it dismissed. Had they made a motion for that purpose at any time prior to September 1, 1913, the court would have been bound to grant it, and the plaintiff would then have been barred from successfully maintaining another action. Before that date, at least, no action was legally pending, since long before the plaintiff's right to bring such an action had expired. It cannot be claimed, certainly not with any force, that the amendment gave the court jurisdiction over the action prior to the time it took effect. As the court was therefore without jurisdiction until that time, the commencement of the action did not prevent the statute running, nor did the amendment confer jurisdiction when it did not theretofore exist.

[8] While the course pursued by the defendants in pleading to the merits and allowing testimony to be taken by commission, and the case prepared for trial before moving to dismiss, may entitle the plaintiff to the sympathy of the court (Mallory v. Virginia Hot Springs Co., 157 App. Div. 253, 141 N. Y. Supp. 961), the same conferred no additional rights upon her. The defendants did what they had a legal right to do, and such action on their part cannot be held to give the plaintiff a cause of action which she otherwise did not have, or deprive the defendants of a relief which they did have.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

LAUGHLIN and PAGE, JJ., concur.

CLARKE, P. J. While I have very grave doubts whether section 1780 of the Code of Civil Procedure as it existed prior to the amendment of 1913 will ultimately be held to be constitutional by the Supreme

Court of the United States, it has been so held by the Court of Appeals. I feel, therefore, constrained to concur with the opinion of Mr. Justice McLAUGHLIN, reversing the order appealed from.

SCOTT, J. (dissenting). In my opinion the order appealed from should be affirmed. So far as concerns the validity, under the federal Constitution, of section 1780 of the Code of Civil Procedure as it stood before the amendment of 1913 (Laws 1913, c. 60), inasmuch as it denied to a citizen of a foreign state a right of action enjoyed by the citizens of this state, I consider that there is very great doubt. Of course, I am aware that its validity has been affirmed by the Court of Appeals in Robinson v. Oceanic Steam Navigation Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636, which was followed by this court in Johnson v. Victoria Chief Copper Mining & Smelting Co., 150 App. Div. 653, 135 N. Y. Supp. 1070. Since the above-cited decision of the Court of Appeals the question seems to have been differently decided by the Supreme Court of the United States, the paramount authority upon questions affecting the construction and application of the federal Constitution. Chambers v. Balt. & Ohio R. R. Co., 207 U. S. 142, 28 Sup. Ct. 34, 52 L. Ed. 143; International Text-Book Co. v. Pigg, 217 U. S. 91–112, 30 Sup. Ct. 481, 54 L. Ed. 678, 27 L. R. A. (N. S.) 493, 18 Ann. Cas. 1103. Since it is universally conceded that upon such questions the authority of the United States Supreme Court is controlling (People ex rel. Cent. Park, etc., R. R. Co. v. Willcox, 194 N. Y. 383, 87 N. E. 517; Sibley v. Sibley, 76 App. Div. 132, 78 N. Y. Supp. 743), it seems that the Robinson Case, supra, and those cases in this state which have followed it, must be deemed to have been overruled.

Apart from that question, however, I am of opinion that the amendment of 1913 to section 1780 of the Code of Civil Procedure acted retroactively, so far as to confer jurisdiction upon the Supreme Court to proceed with this action. Assuming that, under the section referred to as originally enacted, the court was without jurisdiction, that lack of power went, not to the right of action, but to the remedy, or right of enforcement. The statute giving a right of action for an injury causing death is general in its language, and does not confine the right to sue to a resident or citizen of this state, nor to a death occurring within the state (section 1902, Code Civ. Proc.). The plaintiff, therefore, acquired a right of action under our statute when the death occurred (the statute of the state of Texas also giving a right of action), and the only bar to her recovery here was section 1780 of the Code, which closed our courts to her because of her nonresidence. It seems to me, therefore, to be entirely accurate to say that she had a cause of action, and that section 1780 of the Code operated only to bar her remedy. It seems to be well settled that a statute which affects only the remedy, or the form of procedure, will be construed to act upon pending actions, unless a contrary intention is plainly expressed in the statute itself. Matter of Davis, 149 N. Y. 539, 44 N. E. 185; Peace v. Wilson, 186 N. Y. 403, 79 N. E. 329; Laird v. Carton, 196 N. Y. 169, 89 N. E. 822, 25 L. R. A. (N. S.) 189.

As was said respecting the operation of a similar statute under similar circumstances:

"It acts immediately on a thing then in existence, and from that moment gives the court a power to act on that thing which it did not before have." Larkin v. Saffarans (C. C.) 15 Fed. 147–149.

In all of the cases in which it has been held that statutes, remedial in their character and similar to the amendment of 1913 of section 1780, Code of Civil Procedure, act retroactively, the courts have coupled matters affecting the remedy and matter affecting only procedure as alike governed retroactively. A remedy has been defined as a judicial means for enforcing a right or redressing a wrong (Words and Phrases, Second Series, vol. 4, p. 260), or, as it has been defined in this state, "an original application to a court or justice for a judgment or order" for the relief sought by the applicant (Matter of Cooper, 22 N. Y. 67–87).

What we have here is an action, commenced by proper service of process, to enforce a right which plaintiff had in some forum to obtain redress from the defendants. At the time the action was commenced the court had no jurisdiction to entertain it and render judgment therein, but before the time came to apply for judgment such jurisdiction had been conferred upon the court. It seems to me that the act thus conferring jurisdiction should be held to attach to every pending litigation in which no application for judgment had yet been made, and thus to confer jurisdiction upon the court to render the proper judgment in that action.

For the reasons thus briefly stated, I am of the opinion that the order appealed from should be affirmed, with $10 costs and disbursements.