KENNEY, ADMINISTRATOR OF KENNEY, *v.* SUPREME LODGE OF THE WORLD, LOYAL ORDER OF MOOSE.

CERTIORARI AND ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

Nos. 269, 303.   Argued March 23, 1920.—Decided April 19, 1920.

A statute denying jurisdiction to the courts of Illinois in actions for damages occasioned by death occurring in another State in consequence of wrongful conduct was construed by the Supreme Court of the State as applying equally to an action on a sister-state judgment founded on such a cause of action. *Held*, that, so applied, it contravened the full faith and credit clause of the Constitution. P. 414.

The law of Alabama, which gives a right of action in that State for death by wrongful act, cannot, by its declaration that such actions may not be maintained elsewhere, affect the right to enforce by action in another State a judgment recovered on such a cause of action in Alabama.   P. 415.

A judgment of a state supreme court giving a meaning and effect to a statute of the State which brings it in conflict with the Federal Constitution is reviewable by writ of error.   P. 416.

285 Illinois, 188, reversed; writ of certiorari dismissed.

THE case is stated in the opinion.

*Mr. G. R. Harsh* for petitioner and plaintiff in error.

*Mr. E. J. Henning,* with whom *Mr. Ralph C. Putnam* was on the briefs, for respondent and defendant in error:

The matter sought to be reviewed in this court can only be considered upon writ of certiorari, and not by writ of error. *Philadelphia & Reading C. & I. Co.* v. *Gilbert,* 245 U. S. 162; *Bruce* v. *Tobin,* 245 U. S. 18; *Ireland* v. *Woods,* 246 U. S. 327; *Northern Pacific Ry. Co.* v. *Solum,* 247 U. S. 477. The writ of certiorari should be dismissed because the application was not timely submitted under the rules of this court and the statutes of the United States.

A state court is free to determine its own jurisdiction, without reference to the full faith and credit clause of the Federal Constitution. *Anglo-American Provision Co.* v. *Davis Provision Co.,* 191 U. S. 373.

Where an action is brought upon a judgment of a sister State, the court may always examine the nature of the cause of action upon which the judgment is founded for the purpose of determining if it would have jurisdiction of the real subject-matter of the action, and, if it appears that the court would not have jurisdiction of the original action, it will not have jurisdiction of an action on the judgment. *Wisconsin* v. *Pelican Insurance Co.,* 127 U. S. 265. In the *Pelican Case,* the binding force of the judgment was not questioned; it was given full faith and credit as a judgment, but the court said, "we have no jurisdiction of an action of that nature." *Fauntleroy* v. *Lum,* 210 U. S. 230, follows the rule laid down in the *Pelican Case* and the *Anglo-American Provision Co. Case.* It clearly distinguishes between an attack upon the judgment or an inquiry into the merits of the judgment and the determining of a question of jurisdiction. *Christmas* v. *Russell,* 5 Wall. 290, establishes no contrary doctrine, as is clearly shown by the discussion in the *Anglo-American Provision Co. Case.*

That the Illinois statute is jurisdictional is held by

*Dougherty* v. *American McKenna Co.*, 255 Illinois, 369, and *Walton* v. *Pryor*, 276 Illinois, 563. It makes no distinction as to citizenship, and as here applied it does not violate the full faith and credit or privileges and immunities provisions of the Constitution. See *Dougherty* v. *American McKenna Co.*, *supra*, relying on *Chambers* v. *Baltimore & Ohio R. R. Co.*, 207 U. S. 142.

The provision of the Alabama statute that an action for death by wrongful act shall be brought in a court of competent jurisdiction within the State of Alabama and not elsewhere is jurisdictional, and no court outside of the State of Alabama has jurisdiction of the subject-matter of such an action.

It has the effect of making the action local and unenforceable in other jurisdictions. 40 Cyc. 46; 22 Ency. Pl. & Pr. 786; *Eachus* v. *Trustees*, 17 Illinois, 534; *Ellenwood* v. *Marietta Chair Co.*, 158 U. S. 195; *Coyne* v. *Southern Pacific Co.*, 155 Fed. Rep. 683; 12 Corpus Juris, 441; *Southern Pacific Co.* v. *Dusablon*, 48 Tex. Civ. App. 203; *Pollard* v. *Bailey*, 20 Wall. 520.

We observe that both Alabama and Illinois, through their legislatures, have declared that the Illinois courts shall not have jurisdiction of an action for a death occasioned in Alabama. The principle is plain and universal that the form of the action cannot change its substance and vest jurisdiction where it is in fact lacking. Nor did the Constitution change this rule of law. The full faith and credit clause does not purport to vest courts with jurisdiction contrary to the laws of the States, and this principle is fully recognized in *Anglo-American Provision Co.* v. *Davis Provision Co.*, 191 U. S. 373.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action of debt brought in Illinois upon a judgment recovered in Alabama. The defendant pleaded

to the jurisdiction that the judgment was for negligently causing the death of the plaintiff's intestate in Alabama. The plaintiff demurred to the plea, setting up Article IV, §§ 1 and 2 of the Constitution of the United States. A statute of Illinois provided that no action should be brought or prosecuted in that State for damages occasioned by death occurring in another State in consequence of wrongful conduct. The Supreme Court of Illinois held that as by the terms of the statute the original action could not have been brought there, the Illinois Courts had no jurisdiction of a suit upon the judgment. The Circuit Court of Kane County having ordered that the demurrer be quashed its judgment was affirmed. 285 Illinois, 188.

In the court below and in the argument before us reliance was placed upon *Anglo-American Provision Co. v. Davis Provision Co., No. 1*, 191 U. S. 373, and language in *Wisconsin v. Pelican Insurance Co.*, 127 U. S. 265, the former as showing that the clause requiring full faith and credit to be given to judgments of other States does not require a State to furnish a court, and the latter as sanctioning an inquiry into the nature of the original cause of action in order to determine the jurisdiction of a court to enforce a foreign judgment founded upon it. But we are of opinion that the conclusion sought to be built upon these premises in the present case cannot be sustained.

*Anglo-American Provision Co. v. Davis Provision Co.* was a suit by a foreign corporation on a foreign judgment against a foreign corporation. The decision is sufficiently explained without more by the views about foreign corporations that had prevailed unquestioned since *Bank of Augusta v. Earle*, 13 Pet. 519, 589–591, cited 191 U. S. 375. Moreover no doubt there is truth in the proposition that the Constitution does not require the State to furnish a court. But it also is true that there are limits to the power of exclusion and to the power to consider the nature of

the cause of action before the foreign judgment based upon it is given effect.

In *Fauntleroy* v. *Lum*, 210 U. S. 230, it was held that the courts of Mississippi were bound to enforce a judgment rendered in Missouri upon a cause of action arising in Mississippi and illegal and void there. The policy of Mississippi was more actively contravened in that case than the policy of Illinois is in this. Therefore the fact that here the original cause of action could not have been maintained in Illinois is not an answer to a suit upon the judgment. See *Christmas* v. *Russell*, 5 Wall. 290; *Converse* v. *Hamilton*, 224 U. S. 243. But this being true, it is plain that a State cannot escape its constitutional obligations by the simple device of denying jurisdiction in such cases to courts otherwise competent. The assumption that it could not do so was the basis of the decision in *International Textbook Co.* v. *Pigg*, 217 U. S. 91, 111, 112, and the same principle was foreshadowed in *General Oil Co.* v. *Crain*, 209 U. S. 211, 216, 220, 228, and in *Fauntleroy* v. *Lum*, 210 U. S. 230, 235, 236. See *Keyser* v. *Lowell*, 117 Fed. Rep. 400; *Chambers* v. *Baltimore & Ohio R. R. Co.*, 207 U. S. 142, 148, and cases cited. Whether the Illinois statute should be construed as the Mississippi act was construed in *Fauntleroy* v. *Lum* was for the Supreme Court of the State to decide, but read as that court read it, it attempted to achieve a result that the Constitution of the United States forbad.

Some argument was based upon the fact that the statute of Alabama allowed an action to be maintained in a court of competent jurisdiction within the State "and not elsewhere." But when the cause of action is created the invalidity of attempts to limit the jurisdiction of other States to enforce it has been established by the decisions of this court; *Tennessee Coal, Iron & R. R. Co.* v. *George*, 233 U. S. 354; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Sowers*, 213 U. S. 55; and had these decisions been other-

wise they would not have imported that a judgment rendered exactly as required by the Alabama statute was not to have the respect due to other judgments of a sister State.

As the judgment below upheld a statute that was invalid as construed the writ of error was the proper proceeding and the writ of certiorari must be dismissed.

*Judgment reversed.*