## BRODERICK v LaFRANCE
## BRODERICK v SCHAEFER

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4978 & 4979. Decided Feb 24, 1936

Dinsmore, Shohl, Sawyer & Dinsmore,
Cincinnati, for plaintiffs in error.

Bettinger, Schmidt & Kreis, Cincinnati,
for defendants in error.

## OPINION

By ROSS, PJ.

The Superintendent of Banks of the
State of New York filed suit against a
number of residents of Ohio, stockholders
of the Bank of the United States, a New
York banking corporation, to collect double
or added liability from such stockholders.
The suit was filed in the Court of Common
Pleas of Hamilton County, where some of
such stockholders resided. Two stockhold-
ers were made defendants who resided in
Lucas County, Ohio. These defendants ap-
peared specially and filed motions to quash
the service of summons, upon the sole
ground that the court had no jurisdiction
of their persons. The court granted these
motions and stated in its entries that the
plaintiff not desiring to issue an alias sum-
mons, the action was dismissed without
prejudice, pursuant to §11586, GC.

The plaintiff, Superintendent of Banks,
prosecutes error from such judgment.

Both cases involve the same questions
and are considered together. The parties
are referred to as they appeared in the
court of trial.

Sec 11277, GC, provides as follows:

"Every other action must be brought in
the county in which a defendant resides
or may be summoned, except actions
against an executor, administrator, guard-
ian, or trustee, which may be brought in
the county wherein he was appointed or
resides, in which cases summons may issue
to any county."

Without extended discussion, it is sufficient to say that the instant suit is not an "other action" mentioned in the section. Such other actions are those specifically referred to in the sections immediately preceding §11277 GC. However, §11277 GC can not be held to limit all actions applying to non-residents of the county in which the suit is instituted. This is obvious when §710-14, GC, is read. §710-85, GC, when the liquidation of the bank is voluntary, also provides for the same procedure set out in §710-14, GC.

Sec 710-14, GC, is as follows:

"All suits or proceedings brought by the superintendent of banks under authority of law, or to collect any penalty or forfeiture, shall be brought in the name of the state upon his relation, and shall be conducted under the direction and supervision of the attorney general. Such suit or proceeding may be prosecuted in the Common Pleas Court of Franklin County, or of any other county in which the defendant or one or more of the defendants reside or may be found. In all suits or proceedings instituted by the superintendent of banks the writ may be sent by mail to the sheriff of any county, and returned by him in like manner. For such service the sheriff shall be allowed the same mileage and fees as if the writ had been issued from the Common Pleas Court of his county and made returnable thereto."

Sec 710-75, GC, provides for the so-called double liability of stockholders in a state bank. The right to enforce such liability is given in §710-95, GC, par. 9. So that an action brought by the superintendent of banks to collect such double liability is a "suit or proceeding(s) brought by the superintendent of banks under authority of law," referred to in §710-14, GC.

It is then clear that the suit by the superintendent of banks of Ohio is a suit which may be maintained and is not an "other action" referred to in §11277, GC, and is also one which may be brought in a county other than the county in which the defendant resides. Baumgardner et v State ex Supt. of Banks, 48 Oh Ap 5 (16 Abs 671).

Sec 11277, GC, therefore, may not be relied upon to deprive the plaintiff of his right to sue the defendants in a county other than that of their residence. Simply because the instant suit is not an "other action", as previously herein noted. May the procedure available to the superintendent of banks of Ohio to enforce liability in Ohio banks be also made available to the Superintendent of Banks of New York to enforce liability of Ohio stockholders in a New York Bank?

We here also note the first two paragraphs of the syllabus of State ex Fulton, Supt. v Bremer, Admrx., 130 Oh St, 227:

"1. The State of Ohio, while a nominal party in an action brought by the Superintendent of Banks against the stockholders of a bank to enforce the super-added liability imposed by §3 of Article XIII of the Constitution of Ohio, has no proprietary or pecuniary interest in the result of the action, and in such action is not suing in its sovereign capacity.

"2. Such an action is for the benefit of the creditors of the bank and not for the benefit of the state of Ohio. and the Superintendent of Banks is barred by any statute of limitations that would have barred the creditor had he instituted the action."

We consider the case of Broderick, Superintendent of Banks v Rosner et, 294 U. S., 629, directly controlling. The syllabus in this case is as follows:

"A statute of New Jersey Corporation Act, §94 (b) provides that no proceeding may be maintained in the courts of that State to enforce a stockholder's statutory personal liability arising under the laws of another state, except suits in the nature of 'an equitable accounting for the proportionate benefit of all parties interested, to which such corporation and its legal representatives, if any, and all of its creditors and all of its stockholders' shall be necessary parties.' The Superintendent of Banks of New York brought an action in a New Jersey court against 557 New Jersey stockholders of a New York bank, to recover unpaid assessments levied upon them pursuant to the banking laws of New York. The bank had altogether 20,843 stockholders and more than 400,000 depositors and other creditors, many of whom resided elsewhere than in New Jersey. The court held the action barred by the New Jersey statute; suggested that leave might be granted to file a bill in equity pursuant thereto. HELD:

"1. The New Jersey statute, as here applied, effectively denies to the Superintendent the right to resort to the courts of that State to enforce the liability of stockholders residing there; the complaint conformed to the New Jersey practice and the action would have been entertained but for the statute. Pp. 639, 640.

"2. The nature of the cause of action brings it within the scope of the full faith and credit clause; the subject matter is not such as permits considerations of local policy to dominate rules of comity. P. 643.

"3. That the assessment was made under statutory direction by an administrative officer does not preclude the application of the full faith and credit clause. P. 644.

"4. That the administrative determination of the assessment made in New York may be subject to collateral attack does not justify the New Jersey court in refusing to take jurisdiction of the Superintendent's suit. P. 646.

"5. Question whether Superintendent's determinations as to the propriety and amount of the assessment are conclusive, not decided. P. 646.

"6. The full faith and credit clause requires that the action of the Superintendent in this case be entertained. P. 657. 113 N. J. L. 305; 174 Atl. 507, reversed."

At page 642 of the opinion the court say:

"Third. The power of a State to determine the limits of the jurisdiction of its courts and the character of the controversies which shall be heard therein is subject to the limitations imposed by the Federal Constitution. McKnett v St. Louis & San Francisco Ry., 292 U. S. 230, 233. A 'State cannot escape its constitutional obligations (under the full faith and credit clause) by the simple device of denying jurisdiction in such cases to courts otherwise competent.' Kenney v Supreme Lodge, 252 U. S. 411, 415. It is true that a State can legislate only with reference to its own jurisdiction, Bonaparte v Tax Court, 104 U. S. 592; Olmsted v Olmsted, 216 U. S. 386; and that the full faith and credit clause does not require the enforcement of every right which has ripened into a judgment of another State or has been conferred by its statutes. See Bradford Electric Light Co. v Clapper, 286 U. S. 145, 160; Alaska Packers Assn. v Industrial Accident Comm'n, ante, p. 532, at p. 546. But the room left for the play of conflicting policies is a narrow one. One State need not enforce the penal laws of another. Huntington v Attrill, 146 U. S. 657. A State may adopt such system of courts and form of remedy as it sees fit. It may in appropriate cases apply the doctrine of forum non conveniens. Anglo-American Provision Co. v Davis Provision Co., No. 1, 191 U. S. 373. But it may not, under the guise of merely affecting the remedy, deny the enforcement of claims otherwise within the protection of the full faith and credit clause, when its courts have general jurisdiction of the subject matter and the parties. Christmas v Russell, 5 Wall. 290, 300. Compare Atchison, T. & S. Ry. v Sowers, 213 U. S. 55; Tennessee Coal, Iron & Railroad Co. v George, 233 U. S. 354. For the states of the Union, the constitutional limitation imposed by the full faith and credit clause abolished, in large measure, the general principle of international law by which local policy is permitted to dominate rules of comity."

It is the policy of the State of Ohio to permit the Superintendent of Banks to sue stockholders in counties other than the county of the residence. Upon that theory, may the Superintendent of Banks of New York be denied the same privilege, simply because §710-14, GC, merely refers to the Superintendent of Banks of Ohio? We think this too narrow a construction in view of the Federal Constitution and the decisions of the Supreme Court of the United States.

The effect of such a narrow construction would be to say to the New York Superintendent of Banks:—Our own Superintendent of Banks may bring a suit against all Ohio stockholders in one county, but you must bring (in this case) 39 separate suits in as many counties. Comity decrees otherwise.

The judgments are reversed and the causes remanded to the Court of Common Pleas of Hamilton County, with instructions to overrule the motions to quash the service, and for such further proceedings as may be in accordance with law.

MATTHEWS and HAMILTON, JJ, concur.